103   305
51a   30

The United States Life Insurance Company

*v.*

Clara Ludwig.

*Filed at Ottawa June 21, 1882.*

1.  Party—*plaintiff—on policy of insurance assigned.*    Policies of insurance are but *choses in action,* and governed by the same principles applicable to *choses in action* in general. They are assignable in equity only, and in this State courts of law will not recognize the assignment so as to allow the assignee to sue on the policy in his own name.

2.  The payment of a premium on a policy of life insurance by the assured, after an assignment to his children, for them, when the policy is to him and in his name, or even a payment by the assignees, when no new undertaking or promise is made to them, will not authorize a recovery in the names of the assignees, even under the common counts. The suit must be brought in the name of the party having the legal interest, though it may be for the use of the party having an equitable interest.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

20—103 Ill.

This was an action of assumpsit, by Clara Ludwig, who sues in her own right, and as guardian of Otto Ludwig and Emma Ludwig, minors, against the United States Life Insurance Company, on four policies of insurance issued by that company to Otto C. Ludwig, insuring his life. Each policy recites that "in consideration of the application therefor, signed by the assured hereinafter named, and submitted in writing by or for the assured, to the officers of this company subscribing this policy, which application is hereby referred to and made a part of this contract, and of each of the statements (warranties and agreements) made and contained therein, which, whether signed or written by his or her own hand or not, every person accepting or acquiring any interest in this contract hereby adopts as his or her own, admits to be material, and warrants to be full and true, and agrees shall be the only basis upon which this policy is issued; and in further consideration of the payment in advance to said company, at its principal office in New York City, by or for the assured under this policy, to-wit, Otto C. Ludwig, the person whose life is hereby insured (or any of the persons hereinafter called the 'assured'), of the first premium, to be evidenced by the receipt to be given therefor, signed by the president, secretary, assistant secretary, or actuary, and, thereafter, of the semi-annual premium of $18.90 on or before the twenty-sixth days of April and October in each and every year during the continuance of this policy, and as hereinafter provided, * * * this company agrees to pay to the said Otto C. Ludwig, his executors, administrators or lawful assigns, in three months after due notice and satisfactory proofs, as hereinafter required, of the death during the continuance of this insurance of the said person whose life is hereby assured as above, and proof of the just claim of the said assured, or of any other person, as child, guardian, executor or administrator, made or to be made under this policy, the balance of the year's premium, if any, remaining unpaid,

and any indebtedness to the company, being first deducted therefrom."

On the trial plaintiff also offered and put in evidence the renewal receipts for premiums on each of said policies. The last receipt for premium on each of the policies numbered 38,352 and 38,354, respectively, is in the following form:

"The United States Life Insurance Company in the city of New York.

$18.90.                                                         *Chicago.*

"Received this 26th day of April, 1880, eighteen and $\frac{90}{100}$ dollars, for the premium on policy of Otto C. Ludwig (policy No. 38,352), due at above date, hereby continuing the insurance thereunder for six months from above date, subject to all the provisions, conditions and agreements contained in the above mentioned policy, and the application therefor, and those indorsed hereon, all of which are hereby referred to and made part hereof.

C. P. FRALEIGH, Sec'y."

Indorsed on the face as follows:

"The within mentioned amount paid in cash, or check, good at bank, this 26th day of April, 1880, at Chicago, Ill.

E. W. CHAMBERLAIN, *Agent,*

Pr. B."

The printed provisions on the back of said receipt are omitted.

It was admitted that all of the premium receipts on the four policies in question (excepting the last receipt on policies numbered 38,352 and 38,354, as aforesaid,) are in the following form:

"United States Life Insurance Co., in the city of New York.                                                        *Chicago.*

"Received this 14th day of March, 1880, eighteen dollars from the owner of policy No. 38,355, on the life of Otto C. Ludwig, for the premium due at above date, continuing the

insurance thereunder for six months from above date, subject to all the provisions, conditions and agreements contained in the above policy and the application therefor, and those indorsed hereon, all of which are hereby referred to and hereby made part hereof.

C. P. FRALEIGH, Sec'y."

Indorsed on the face as follows:

"The within mentioned amount paid by the owner of the policy in cash (or check good at bank) this 3d day of March, 1880, at Chicago, Illinois.

E. W. CHAMBERLAIN, <i>Agent,</i>

Pr. B."

The printed portions on the backs of the receipts are omitted.

Otto C. Ludwig died July 31, 1880, and proofs of claim were made by the assignees of the policies. Defendant admitted that death was caused by pulmonary apoplexy, as stated in the proofs of loss. Defendant also admitted that demand of payment of the company was made by the plaintiff.

The assignment of the policies was as follows:

"For a good and valuable consideration, I hereby assign policies numbered 38,352, 38,353, 38,354 and 38,355, in the United States Life Insurance Company, in the city of New York, to my three children and sole heirs at law, Clara Ludwig, Otto Ludwig and Emma Ludwig, to have the moneys and benefits to accrue therefrom, share and share alike, between them.

"In witness whereof I have hereunto set my hand and seal, this 24th day of January, A. D. 1879.

OTTO C. LUDWIG.    [SEAL.]

"Witness: ALBION CATE."

The signatures to the assignments were proved, and Otto Ludwig, one of the children of said Otto C. Ludwig, testified

that he took possession of the said assignments at the time they were executed; that the policies were delivered to him at the same time; that he put them in his father's safe; that they remained there, in the same package, until his father's death; that he had the combination of the safe, and his father had it also.

Albion Cate, a witness for plaintiff, who being shown the assignments, testified: "I think I drew it; that is in my handwriting, and that is Mr. Ludwig's signature; I saw him write it; don't remember now whether I sent a duplicate of that assignment to the United States Life Insurance Company; I sent an assignment to them; think I gave Ludwig the duplicate; am quite certain this is a duplicate of the one I sent to the company; they acknowledged the receipt of the letter; they said they would not acknowledge or accept a receipt until certain things were done."

Phillip Schick, on behalf of the defendant, being shown the receipts for payments on premium, before set out and referred to, testified: "I paid the money about the time it was due; I got the money to pay them from Mr. Otto C. Ludwig, who is now dead, at about the time the moneys were paid; I paid the premiums, back of this one, for the last two or three years; I got the money to make the payments from Otto C. Ludwig, deceased." On cross-examination he testified: "I know the money was Otto C. Ludwig's, because he took it out of the business drawer; the money was paid for the three children; the money was the money of Otto C. Ludwig."

The court instructed the jury orally, by consent of parties. The defendant then asked the court to instruct the jury, that if they believe, from the evidence of Mr. Schick, that the money paid for the premiums was the money of Otto C. Ludwig, that then, upon the evidence in this case, the plaintiff can not recover. To that the court said to the jury, that if Otto C. Ludwig paid this money for the premiums, intend-

ing it to be for the benefit of his children, after assigning the policies to them, that it is the same thing as though it had been paid with their own money. The defendant then asked the court to instruct the jury, that upon the evidence in this case the plaintiff is not entitled to recover, which said last mentioned instruction the said court then and there refused to give, for which refusal counsel for defendant then and there duly excepted.

The jury returned a verdict in favor of the plaintiffs, assessing their damages at $5272.78. Thereupon the defendant moved for a new trial, assigning therefor, among other causes, that the court gave improper instructions to the jury, and refused to give proper instructions to the jury asked for on behalf of defendant. The motion was overruled, and proper exception taken. Defendant appealed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed. This appeal is from that judgment. The errors assigned bring before this court for review all the rulings of the Appellate Court.

Mr. Francis H. Kales, for the appellant:

There is no evidence that the company ever assented to the assignment, although it had notice thereof; but had such been the case, it would not have been sufficient, under our law, to have authorized a suit to be brought in the name of the assignees of the contract. *Jessel* v. *Insurance Co.* 3 Hill, 88.

It is contended, on the part of the appellant company, that this action was not brought by the proper parties, and in support of this view the following authorities are cited: Bliss on Life Insurance, sec. 336, p. 553; May on Insurance, pp. 475–483; *Pomeroy* v. *Manhattan Ins. Co.* 40 Ill. 398; *Hartford Ins. Co.* v. *Olcott,* 97 id. 439; *Palmer* v. *Merrill,* 6 Cush. 282; *St. John* v. *Am. Mutual Life Ins. Co.* 13 N. Y. 31; *Jessel* v. *Insurance Co.* 3 Hill, 88.

Messrs. HUTCHINSON & LUFF, for the appellee:

The policies expressly promise to pay "Otto C. Ludwig, his executors, administrators or lawful assigns," and the company can not question the right of the assignees to collect the insurance.  Angell on Life and Fire Insurance, 325–328; Bliss on Life Insurance, secs. 325, 326.

The assured is dead, and suit could not be brought in his name.  No administrator was appointed, and if there had been he would have had no interest in the policy.  A court of equity could have no jurisdiction.  *Taylor* v. *Turner*, 87 Ill. 296.

The assignee of a policy may sue in his own name when the premiums have been paid by him, or for his benefit.  The proof shows that the premiums were paid for the benefit of the assignees.  All the receipts given for the renewal premiums run to the "owner" of the policies, and not to the assured, except two, and as to those the receipts do not state from whom the money was received.

The payment of the premiums by the assignees, or for their benefit, after notice of assignment to the company, creates a new contract between the assignees and the company, and on that contract suit will be sustained.  *Peoria Marine and Fire Ins. Co.* v. *Hervey*, 34 Ill. 46; *New England Fire and Marine Ins. Co.* v. *Wetmore*, 32 id. 221; *Westchester Fire Ins. Co.* v. *Foster*, 90 id. 122.

The declaration contains the common counts, and the suit may be sustained on the ground that assumpsit is an equitable action, in which the plaintiff can recover from the defendant so much money as he can show the defendant, *ex equo et bono*, ought not to retain.  *Watson* v. *Wolverton*, 41 Ill. 241; *Belden* v. *Perkins*, 78 id. 449; *Hall* v. *Murston*, 17 Mass. 579.

Indeed, the court will find, upon examination, that in every case decided by this court wherein the right of the assignee of an insurance policy to sue in his own name has been in

question, save one, the judgment in his favor has been affirmed. *New England Fire and Marine Ins. Co.* v. *Wetmore*, 32 Ill. 221; *City Fire Ins. Co.* v. *Mark*, 45 id. 482; *Phœnix Ins. Co.* v. *Mitchell*, 67 id. 43.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

A single question arising on this record is presented for our consideration by the arguments of counsel: Are the plaintiffs entitled to prosecute an action at law, in their own names, on these policies?

Policies of insurance are but *choses in action*, and governed by the same principles applicable to *choses in action* in general. They are assignable in equity only, and in this State, and in others where the strict rules of the common law prevail, courts of law will not recognize the assignment so as to allow the assignee to sue on the policy in his own name. *New England Fire and Marine Ins. Co.* v. *Wetmore*, 32 Ill. 221; *Peoria Marine and Fire Ins. Co.* v. *Hervey et ux.* 34 id. 62; *Massachusetts Mutual Life Ins. Co.* v. *Robinson*, 98 id. 324; Bliss on Life Insurance, sec. 325; May on Insurance, sec. 377; *Jessel* v. *Insurance Co.* 3 Hill, 88; 2 Am. L. Cases, (5th ed.) 886, 887.

But counsel contend that "payment of the premiums by the assignees, or for their benefit, after notice of the assignment to the company, creates a new contract between the assignee and the company, and on that contract suit will be sustained," and they cite *Peoria Marine and Fire Ins. Co.* v. *Hervey et ux. supra, New England Fire and Marine Ins. Co.* v. *Wetmore, supra,* and *Westchester Fire Ins. Co.* v. *Foster,* 90 id. 122. Neither of these cases sustains the proposition so broadly and unqualifiedly as thus contended for by counsel. In the first named case, the case stated shows this: The property had been insured by Bishop. He sold and delivered it to the plaintiff, and on the same day, and with the consent of the defendants manifested by their indorsement

on the policy, assigned the same to the plaintiff. On the same day the defendants executed a renewal certificate in writing, and delivered it to the plaintiff, and in consideration of the sum of $45, paid by the plaintiff as premium to the defendants at their request, and of the undertaking and promises by the plaintiff to perform and fulfill all things contained in the policy to Bishop, on her part to be performed, etc., the defendants undertook and promised the plaintiff to consent to a continuance of the risk originally insured, from October 22, 1859, to October, 1860, and to become and be insurers to the plaintiff, of the sum mentioned in said policy, upon the property, and to fulfill all things mentioned in the policy, etc., and the court said: "The question before us is correctly put by the counsel for appellee: Can the plaintiff recover of this insurance company, in her own name, the amount of damages which they, as an insurance company, undertook and promised to pay her in case the property insured was destroyed by fire? Did the company enter into such a contract, on a valuable consideration, with the plaintiff? The fact that they had the year previous insured the property for Bishop, and that he assigned the policy to the plaintiff, does not, we think, affect one way or the other the real question stated above and presented by the record. * * * It amounts simply to this: that on the plaintiff going to the insurance company with the policy issued to Bishop in her possession, of which she was then the holder, on seeing it, the defendants, by their agent, say to her that she need not make a new application for insurance—that they would continue the risk for her benefit one year, on the payment by her of $45. That had no effect upon the written policy of Bishop to continue it alive, or to revive it, being dead, but it was a new contract with the plaintiff, for a valuable consideration paid, and on the terms of the original policy." And so it was held the action was properly brought in the name of the plaintiff—on the new contract, however,

and not on the original policy. In the next case, it was expressly held that the assignee of an insurance policy could not, at common law, maintain a suit upon it in his own name, and it was also further held that a renewal receipt, executed upon the payment of the premium by the assignees of a policy, whereby the policy was continued in force for another year, merely revived an expiring contract, and that suit must be brought on the original policy in the name of the assured therein. In the other case the policy was expressly payable to the beneficiary, and not, as here, to the assured, etc., and the question there was simply whether, under the language of the policy, the beneficiary could sue in his own name. That case is not at all analogous.

There was not here, as in *Peoria Marine and Fire Ins. Co.* v. *Hervey et ux. supra,* any new and independent contract. The suit here is not, as there, upon the agreement made when the premium was paid after the assignment. There was here no new insurance. The premiums paid after assignment are paid by the assured, not by the beneficiaries. It is true, as contended, this was done for them; but so were the premiums paid before assignment. The policies were, in the first instance, obtained by the assured for their benefit. The contracts, pursuant to which they were issued, and of which they are evidence, were, however, his contracts, made by him, and complied with by him both before and after the assignment. The contracts upon which suit is brought are his contracts,—his acts are in evidence,—and there is no suit upon contracts, and no evidence of the acts, of the beneficiaries. Even if the money here paid after the assignment, had been paid by the assignees out of their own funds, the case would be totally unlike that of *Peoria Marine and Fire Ins. Co.* v. *Hervey et ux. supra.* The old policy had not expired, and the case would then be strictly analogous to *New England Fire and Marine Ins. Co.* v. *Wetmore, supra,*— the revival of an expiring contract,—and on the authority of

that case the assignees could not sue in their own names. Indeed, the receipts here are, as there, expressly renewal receipts, on their faces. *Mutual Life Ins. Co.* v. *Robinson,* 98 Ill. 324, is in point, and conclusive against the plaintiffs.

The position that the present plaintiffs are entitled to recover under the common counts, in their own names, is untenable. The recovery must be on the policy, even if it be under the common counts. The suit must be brought by the party having the legal interest, although it may be for the use of one having an equitable interest. Dicey on Parties, 51, and notes.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*