(No. 18939.—

DORA MCDANIELS, Defendant in Error, *vs.* THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed December 20, 1928.*

FORDYCE, HOLLIDAY & WHITE, and WHITNEL & BROWNING, for plaintiff in error.

G. C. BORDERS, and BEN M. CREAMER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error secured a judgment against the plaintiff in error in the circuit court of St. Clair county on an industrial policy issued on the life of the defendant in error's aunt, Dora McDaniels, Sr., for the sum of $165. The judgment was affirmed by the Appellate Court for the Fourth District, and the cause is here by writ of *certiorari*.

The policy is the usual industrial policy. It recites that in consideration of the payment of weekly premiums stated therein, the insurer will pay, upon satisfactory proof of death of the insured, made upon blanks furnished by the company, and surrender of the policy and receipt books, the amount of insurance stipulated therein, less any indebtedness owing to the company. The policy contained also the following clause, designated "Facility of payment clause:" "The company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured or for the insured's burial; and the production by the company of a receipt signed by any or either of said persons, or other proof of such payment or grant of such provision to any or either of them, shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto and all claims under this policy have been fully satisfied." Dora McDaniels, Jr., the defendant in error, paid all insurance premiums from July 6, 1925, the date of issue, to August 31, 1925, the date of the death

of the insured. On August 1, 1925, the following rider, on a form provided by the insurance company, was signed by the insured and attached to the policy: "The undersigned, insured under policy No. 6,112,228 in the above company, hereby authorizes the said company to pay the amount of insurance due under said policy to Dora McDaniels, my niece. It is agreed that this authorization is not to vary in any way or alter the terms and conditions contained in said policy, especially the 'facility of payment' provision therein." (The facility of payment clause was set out *in hæc verba.*) The defendant in error, on proof of death, demanded payment, which was refused, and on September 7, 1926, began this suit.

The defense of the insurance company is that the facility of payment clause gives an option to the insurer to pay the claim as in that clause provided, and that no one but the personal representative of the insured has a right to bring a suit against the company on a claim for the insurance; that therefore the defendant in error has no right to sue, and the judgment was erroneously entered by the circuit court and erroneously affirmed by the Appellate Court.

In cases where the beneficiary of a policy is not named, or the policy is made payable to the estate of the insured or to his executor or administrator or to the insured, only such executor or administrator or personal representative of the insured is entitled to sue. (*United States Life Ins. Co.* v. *Ludwig,* 103 Ill. 305; *Massachusetts Mutual Life Ins. Co.* v. *Robinson,* 98 id. 324.) The facility of payment clause, as indicated by its language, gave an option to the insurer to make any payment or to grant any non-forfeiture provision to any relative by blood or connection by marriage of the insured, or to any person who has incurred an expense or obligation on behalf of the insured or for the burial of the insured. Such clause in an industrial policy, usually issued for a small amount, is authorized in order

to protect the insurance company, with the consent of the insured, against trifling but expensive litigation which might constantly occur over disputes as to parties entitled to the amount of the insurance, and where the company has exercised that option such exercise will be a complete defense under the terms of the policy. *Bradley* v. *Prudential Ins. Co.* 187 Mass. 226; *Thomas* v. *Prudential Ins. Co.* 148 Pa. St. 594.

In a policy of this character the facility of payment clause is for the benefit of the insurer, and in this case, unless it has exercised such option in behalf of the defendant in error, the judgment herein cannot be sustained. The insured signed the rider attached to the policy, which authorized the company to pay the insurance under the policy to Dora McDaniels, Jr., the defendant in error, who was a niece of the insured. The mere authorization to pay to the defendant in error was not an assignment of the benefits of the policy to her, and unless the insurer can be said to have so acted concerning such authorization as to exercise its option under the facility of payment clause, the rider is not sufficient to create a liability on the part of the insurer to pay the proceeds of the policy to the defendant in error. This rider was furnished by the insurer and was procured from the company offices by the company's agent, who informed its superintendent as to what he proposed to do with it. It was executed before the agent on August 1 and was attached to the policy by him. The defendant in error thereafter, with this knowledge conveyed to the insurer, paid to the agent all premiums accruing on the policy up to the time of the death of the insured. The question in the case is whether the facts constitute the exercise of an option on behalf of the insurance company to pay the insurance, when matured, to the defendant in error. That it had a right under the facility of payment clause to make the defendant in error the beneficiary seems clear from the language of that clause

authorizing the company to "make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured." The authorization, as a part thereof, provided that it should not vary or in any way alter the terms and conditions contained in the facility of payment clause. If it did not vary the terms of that clause then the option to pay anyone coming within the provisions of such clause, other than the defendant in error, still remains in the contract. The defendant in error has no right to sue unless she is the beneficiary and entitled to the fund. The fact that she was by the rider included among those to whom the insurer might pay the fund does not give her that right in the absence of the exercise in her behalf of the option resting in the company.

It is argued that the defendant in error having paid the premiums, and the company having, with full knowledge of the rider, accepted the same, it would work a fraud upon her to now say that the company has not exercised the option given it by the contract. The difficulty with that argument is that the rider expressly saved to the company the right to exercise the option provided in the facility of payment clause. The policy was not assigned to the defendant in error, and she did not by the rider become the only person to whom the company could, under the contract, pay the fund. It is not argued that the company specifically exercised its option for her benefit. Unless the company has by some overt act exercised the option provided in the contract it is not incumbent on it to do so until the policy matures. We are of the opinion that there has been no such exercise of that option. While it may be that the defendant in error by payment of the premiums expected to receive the benefit of the insurance when it matured, yet such expectation arose not out of an overt act of the company but out of the execution of a rider to the policy which neither assigned the policy to her, made her a beneficiary

nor deprived the insurer of the right to exercise the option contained in the contract, but, on the contrary, expressly recognized that right. It follows that the defendant in error does not have a right to sue but that such right rests in the personal representative of the insured. It was error, therefore, to refuse to instruct the jury to return a verdict for the defendant.

The judgments of the Appellate Court and the circuit court are reversed. *Judgment reversed.*