Pioneer Trust and Savings Bank, Administrator of the Estate of Charles Patterson, Deceased, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 37,340.

Opinion filed December 19, 1934.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant.

PRESCOTT, BURROUGHS & TAYLOR, of Chicago, for appellee; A. M. BURROUGHS and PATRICK B. PRESCOTT, JR., of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This matter comes before us on appeal of the Metropolitan Life Insurance Company, defendant, from a judgment entered in favor of the plaintiff, Pioneer Trust & Savings Bank, administrator of the estate of Charles Patterson, deceased, in the municipal court of Chicago for the sum of $851.60, the proceeds of two industrial life insurance policies held by the deceased

in the defendant company. The policies in question were of that class intended to facilitate the payment of funeral expenses and doctors' bills upon the death of the deceased and contained what is known as the "facility of payment clause" which provides:

"The Company may make any payment or grant any nonforfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied." This clause is inserted for the benefit of the insurer and in order to protect it against litigation by giving to the insurer the option and privilege of paying such claim, usually small in amount, in order to facilitate the payment of expenses surrounding the last illness of the insured.

The two policies in question were issued in the years 1926 and 1928, respectively, on the life of Charles Patterson, deceased; they were industrial policies and payable to the executor or administrator or at the option of the company, under the facility of payment clause, to any person paying the funeral bills or other debts of the deceased.

Patterson died January 18, 1933, and on April 4, 1933, one Irene Patterson filed her claim and delivered said policies which were in her possession, together with receipt books showing payments of premiums to the company. At the same time she delivered an affidavit wherein she stated that she had paid the expenses of the insured and promised to pay $75 toward his funeral bill.

On the trial the undertaker testified that Irene Patterson had paid him $100 and that he had marked his funeral bill which was for $114 as paid in full and gave it to the defendant company.

From the facts it also appears that Irene Patterson had lived with the deceased for a number of years, although in the last year or two of that time he had become of unsound mind and was removed to the Hines Hospital; that the premiums on the policies, however, were paid by her.

May 2, 1933, defendant issued its check to Irene Patterson in payment of the policies and this was subsequently cashed by her. It appears from the record also that an additional policy had also been issued payable to the mother of the deceased and that on May 4, 1933, the mother received a "notice to claimant of payment of policy" and that this notice specified the policy to which she was entitled as well as the two policies involved in this proceeding. Plaintiff relies upon this notice as showing knowledge of the defendant, namely, that the insured had a mother and that it should have paid the amount of the policy to her or the representative of the deceased. The facts, however, show that the check had already been paid to Irene Patterson under the "facility of payment clause."

Considerable evidence was introduced for the purpose of showing that Irene Patterson was not the wife of the deceased, but was, in fact, one Irene Moore and that the facts contained in her affidavit, under which she secured the payment of the policies, were untrue; that both deceased and Irene Patterson were supported and financially aided by his own relatives and not by her. As between the claimants to the policies this evidence may have been material, but the only question before us is whether or not the company had the right to rely upon the affidavit and statements of

Irene Patterson at the time it paid her the proceeds of the policies. There is nothing in the record indicating bad faith on the part of the company or that it acted otherwise than in the regular course of business in paying to a person authorized to collect upon proof satisfactory to the company. The Supreme Court of this State in the case of *McDaniels v. Western & Southern Life Ins. Co.*, 332 Ill. 603, in its opinion says:

"The facility of payment clause, as indicated by its language, gave an option to the insurer to make any payment or to grant any non-forfeiture provision to any relative by blood or connection by marriage of the insured, or to any person who has incurred an expense or obligation on behalf of the insured or for the burial of the insured. Such clause in an industrial policy, usually issued for a small amount, is authorized in order to protect the insurance company, with the consent of the insured, against trifling but expensive litigation which might constantly occur over disputes as to parties entitled to the amount of the insurance, and where the company has exercised that option such exercise will be a complete defense under the terms of the policy. *Bradley v. Prudential Ins. Co.*, 187 Mass. 226; *Thomas v. Prudential Ins. Co.*, 148 Pa. St. 594." The effect of this decision, it is clear, contemplates that the company, having exercised its option to pay, is completely protected under the terms of the policy, there being no bad faith and no utter disregard of the rights of other parties. To the same effect see *Bishop v. Prudential Ins. Co. of America*, 217 Ill. App. 112; *Whitaker v. Metropolitan Life Ins. Co.*, 259 Ill. App. 668 (Abst.). The fact that Irene Patterson was not the wife of the deceased does not void the action of the defendant in making payment.

From the facts it is our opinion that the municipal court erred in entering the judgment in this case against the defendant company. It was known to the

company that Irene Patterson had been living with Charles Patterson and had been paying the insurance premiums and her affidavit to the effect that she had incurred expense in and about his funeral and burial was sufficient to justify the company in making payment under the "facility of payment" clause.

For the reasons stated the judgment of the municipal court is reversed with a finding of fact.

*Judgment reversed with a finding of fact.*

HEBEL, P. J., and HALL, J., concur.

Finding of fact: We find as an ultimate fact that the defendant insurance company paid the amount of the two policies in question to Irene Patterson in good faith upon presentation of affidavits and proof of claim, and were therefore protected under the "facility of payment clause."