Morticians' Acceptance Company, Inc., Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 42,806.

278

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed January 24, 1944.

Hoyne, O'Connor, Rubinkam & Melaniphy, of Chicago, for appellant; Nathaniel Rubinkam, John C. Melaniphy and Melvin L. Gibbard, all of Chicago, of counsel.

George S. Lavin, of Chicago, for appellee.

Mr. Justice Niemeyer delivered the opinion of the court.

Plaintiff company, buying accounts due undertakers, brought suit in equity against the defendant company

to recover for amounts claimed to be due on a number of assignments of benefits payable on industrial policies, and obtained a decree for $4,479.99 and costs. Defendant appeals, contending that the assignments were void because prohibited by the terms of the policies; that they purported to assign only a part of the benefits; and the assignors lacked an assignable interest in the benefits.

The terms and provisions of the policies are substantially the same, as are the facts relating to the assignments. Upon the death of the assured a husband, wife or blood relative made arrangements with an undertaker for the funeral; the costs having been determined, a judgment note for the amount payable to the undertaker was executed and delivered, together with the insurance policies and an assignment of enough of the benefits payable thereunder to cover the funeral expense; the undertaker, by proper indorsement and assignment, transferred the note, insurance policies and assignment of benefits to the plaintiff, who issued its check for the amount assigned, less 7 per cent, its charge for the service. Formal notice of the assignments together with executed copies thereof were sent to defendant, who immediately returned them with a letter stating: "In view of the policy provision against assignment, we return the enclosed document considering it ineffective for this and other reasons." Each of the policies contained a provision that "Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no effect," and a facility of payment clause, a typical example of which is as follows: "The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either

of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied.''

The benefits under the policies issued on the lives of ten of the persons insured were paid by defendant to persons making the assignments, they being persons within the classes named in the facility of payment clauses. The benefits under the policies issued on the lives of three persons insured were paid to persons other than the assignors.

In *Standard Discount Co., Inc. v. Metropolitan Life Ins. Co.*, 321 Ill. App. 220, opinion filed this day, we held that provisions in insurance policies against assignment of benefits were void as to assignments made after the death of the insured. Enforcement of partial assignments in equity has been the established practice so long that citation of authority in support of it should not be necessary. However, we refer to *Pomeroy v. Manhattan Life Ins. Co.*, 40 Ill. 398 (1866) where an assignment of a part of the money due under a life insurance policy was held valid as an equitable assignment and protected accordingly. The controlling question here is the validity of assignments made by persons within the classes of beneficiaries under the facility of payment clause before election of a beneficiary has been made by the insurer. In policies of the character involved the facility of payment provisions are for the protection of the insurer. In *McDaniels v. Western & Southern Life Ins. Co.*, 332 Ill. 603, the court said (605, 606): ''The facility of payment clause, as indicated by its language, gave an option to the insurer to make any payment or to grant any non-forfeiture provision to any relative by blood or connection by marriage of the insured, or to any person who has incurred an expense or obligation on behalf of the insured or for the burial of the insured. Such clause in an industrial policy, usually issued for

a small amount, is authorized in order to protect the insurance company, with the consent of the insured, against trifling but expensive litigation which might constantly occur over disputes as to parties entitled to the amount of the insurance, and where the company has exercised that option such exercise will be a complete defense under the terms of the policy. *Bradley v. Prudential Ins. Co.,* 187 Mass. 226; *Thomas v. Prudential Ins. Co.,* 148 Pa. St. 594.'' It was there held that, until the company had by some overt act exercised its option to select a beneficiary, the right to sue on the policy was vested in the personal representative of the insured and not in the niece, who had paid the premiums on the policy and to whom the insured, by written instrument attached to the policy reciting that it ''is not to vary in any way or alter the terms and conditions contained in said policy, especially the 'facility of payment' provision therein,'' had authorized the company to pay the benefit. To like effect are *Bishop v. Prudential Ins. Co.,* 217 Ill. App. 112; *Pioneer Trust & Savings Bank v. Metropolitan Life Ins. Co.,* 278 Ill. App. 113; *Voris v. Rutledge,* 297 Ill. App. 383. In the *Voris* case, payment of benefits was governed by a standard facility of payment clause; plaintiff, a divorced wife of the insured, who had paid some of the premiums on the policy and who had a judgment against the insured for alimony, obtained a decree in a suit in which the insurance company and the administrator and heirs of the insured were parties, awarding her the full amount due on the policy but directing her to pay the funeral expenses. In reversing the decree the court said (387, 388): ''The error in this case seems to be in the failure to distinguish between the right to receive under the facility of payment clause and the right to demand thereunder. This clause is for the protection of the insurer and while it might and does have the option to pay the fund to some one other than the beneficiary named in the policy it is

not compelled to do so. . . . It makes no difference that appellee had a judgment against the insured for alimony, or that she paid the premium on the policy. That does not give her a right to sue. It only argues that she is in the class of those who had a right to receive the fund had the company elected to pay it to her under the above clause.''

The assignors of benefits under the policies before us had no greater rights than the plaintiffs in the cases from which we have quoted. They belonged in the class of those who had a right to receive the respective funds if the company should elect to make payment to them under the facility of payment clause. This was a right to receive, not a right to demand. It was a possibility, or, at most, an expectancy. Their position is not unlike that of an heir in respect to the estate of his ancestor. The heir may expect to receive a share of the estate but he cannot demand it, and the ancestor may dispose of the estate to others. Equity recognizes this expectancy or possibility. of receiving all or a part of the estate as assignable, and if an assignment is made in good faith for a valuable consideration, will enforce it after the death of the ancestor. 3 Pomeroy's Eq. Jur. (3rd ed.) secs. 1287, 1288; 3 Story's Eq. Jur. (14th ed.) sec. 1395; *Jarvis v. Binkley,* 206 Ill. 541; *Crum v. Sawyer,* 132 Ill. 443, 460. Here the assignments were made in good faith and for a valuable consideration. There is no element of fraud or overreaching. The insured were buried, apparently at a reasonable cost. The insurance company was not obliged to recógnize the assignments or the assignors' obligation for the funeral expenses in exercising its option to designate the person to whom the benefits under the respective policies should be paid. But, when in the exercise of its option it designated the assignors as the beneficiaries under the policies, the assignors' expectancy or possibility of interest in the benefits became vested, subject to the assignments

theretofore made, and the insurance company, with full notice of these assignments, made in consideration of the burial of the insured, should not be permitted to ignore them. *Warren v. First Nat. Bank of Columbus,* 149 Ill. 9, 23; *Graham v. Southern Ry. Co.,* 173 Ga. 573, 161 S. E. 125; *Todd v. Meding,* 56 N. J. Eq. 83, 92. In *Geddes & Moss Undertaking & Embalming Co. v. Metropolitan Life Ins. Co.* (La. App.), 167 So. 209, in a substantially similar situation, a like conclusion was reached. There the company had issued five policies on the life of the insured, each payable to the executor or administrator and each having a facility of payment clause; subsequently Pauline Rhinehart, a daughter of the insured, was designated as beneficiary of three of the policies by an indorsement on the policies reading as follows: "Subject to the provisions of the policy authorizing payment at the Company's option to other persons Pauline Rhinehart, daughter, has been designated beneficiary to receive death benefits only." Upon the death of the insured the daughter assigned all her right, title and interest in the five policies to plaintiff, in consideration of funeral services performed and materials furnished by plaintiff. Notwithstanding notice of the assignment, the insurance company paid all the benefits under each of the policies to Pauline Rhinehart. The court after stating that the insurance company had a right to pay the benefits of the policies to anyone within the categories named in the facility of payment clause and that such payment would constitute full discharge of its obligation under the policy, said: "It was under no obligation here, for example, to pay Pauline Rhinehart, the daughter of the insured, who was, of course, a blood relative, but it might have done so, and such payment would have constituted a bar to any action by any other person claiming an interest in the policy. But it could not do so after having received notice of the assignment of Pauline Rhinehart's interest in the policies to a third

person, without involving itself with liability to the assignee. We make no distinction between the policies in which Pauline Rhinehart was named beneficiary and those in which she was not, because she had an interest in all of the policies, a little different, as we have seen, in two of them, but whatever beneficial interest she had in each and every policy was assigned by her to the plaintiff. It was only because of this interest, active, passive, or receptive, in the policies, that the insurer paid her the proceeds. This interest she had assigned and the insurer had notice of the assignment, according to the allegations of the petition, before the money was paid to her. Payment by the debtor to the assignor, after notice of the assignment, is no defense to the claim of the assignee.'' The decree of the trial court, as to the liability of the defendant company to the plaintiff on the assignment of benefits which the company elected to pay to the assignors after notice, is affirmed.

A different ruling must be made in respect to the assignments of benefits which were paid to persons other than the assignors within the classes named in the facility of payment clause. In two of these—policies issued on the lives of Ella B. Strange and Gadis Lee—assignments of benefits were made by a brother of the insured, but payments were made to another brother of Ella B. Strange and to the mother of Gadis Lee. In the third, assignment of benefits under the policies on the life of Linnie Miller were made by her nephew, Luther Thomas, individually, and payment was made to him as administrator. In selecting these beneficiaries the company was acting within the power given it by the facility of payment clause, and when it designated persons other than the assignors no interest in the benefits ever vested in the assignors, and plaintiff, assignee, acquired nothing by the assignments. The fact that Luther Thomas, administrator, was the same individual as Luther Thomas, assignor, does not help plaintiff. Payment to Thomas, individually,

would have made him the owner of the fund, free to dispose of it as he chose. Payment to him as administrator was payment to him in a representative capacity, and the fund became liable for the payment of funeral expenses and other debts, if any, of the insured, and Thomas would benefit individually only as an heir of the insured and after payment of all debts. The decree is erroneous in so far as defendant is held liable for principal and interest on the assignments of benefits under policies on the lives of these three persons.

Defendant's contention that it is entitled to a credit of $1,300 which it claims plaintiff owed. Williamson the undertaker cannot be sustained.

The decree is affirmed in part, reversed in part and the cause remanded with directions to enter a decree in accordance with this opinion.

*Decree affirmed in part, reversed in part and cause remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.