506

Standard Discount Company, Inc., Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 43,107.

Heard in the first division of this court for the first district at the June term, 1944. Opinion filed March 26, 1945. Released for publication April 11, 1945.

Hoyne, O'Connor & Rubinkam and Eckert & Peterson, all of Chicago, for appellant; Nathaniel Rubinkam, Melvin L. Gibbard, Tom Leeming and Owen Rall, all of Chicago, of counsel.

Victor H. Bloom, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

June 20, 1932, defendant insurance company issued its policy on the life of Katie Smith for $90. The executor or administrator of the insured was designated as beneficiary, subject to the "Facility of Payment" clause. Afterward the beneficiary was changed, designating the daughter of the insured. The policy provided that "Any assignment or pledge of this Policy or of any of the benefits hereunder shall be void and of no effect." Katie Smith died August 16, 1943, and her daughter, the beneficiary, made the funeral arrangements. Plaintiff was in the business of making loans to undertakers for funerals conducted by them. August 18, 1943, the beneficiary, the insured's daughter, executed a document assigning all her right, title and interest to the undertaker and the plaintiff; afterward the undertaker assigned all his right to plaintiff and on August 19, 1943, plaintiff wrote defendant enclosing a copy of the assignment stating it was entitled to the proceeds of the policy. No payment on the policy was ever made. February 4, 1944, summary judgment was entered in plaintiff's favor against defendant for the amount of the policy, interest and costs aggregating $94.54. Defendant appeals contending that under the provision of the policy above quoted, the assignment of the policy was void and of no effect. We delayed disposing of the appeal pending the decision by our Supreme court in *Lain v. Metropolitan Life Ins. Co.*, 322 Ill. App. 643, where the same point was involved. Our Supreme court at the December term held that the assignment was valid.

*Lain v. Metropolitan Life Ins. Co.*, Docket No. 28415.

We have today filed an opinion in No. 43053, *Standard Discount Co., Inc. v. Metropolitan Life Ins. Co.* [324 Ill. App. 586 (Abst.)], where the validity of a similar assignment was involved. We held the assignment good.

After we handed down the foregoing opinion, defendant filed a petition for a rehearing on the ground that we had not passed on the last point made in its brief in which it contended that the "Facility of Payment" clause in the policy was effective even though some persons made an assignment of their alleged interest, calling attention to the fact that we had not mentioned this point and that counsel had cited in support thereof *McDaniels v. W. & S. Life Ins. Co.*, 332 Ill. 603, and *Wickerath v. W. & S. Life Ins. Co.*, 310 Ill. App. 266. The policy provides "Any assignment or pledge of this Policy or of any benefits hereunder shall be void and of no effect." We have had a number of cases in the last year or two where defendant contended that this provision of the policy made any assignment void. And as stated, we delayed deciding the case pending a decision of the Supreme court which involved the same provision and which case we have above cited. We allowed a rehearing for the reason that we did not pass on counsel's last point as above stated.

The policy, dated June 20, 1932, is known as an industrial policy, issued by defendant to Katie Smith. The amount of the policy is $90. Katie Smith died August 16, 1943, and, as stated by counsel for defendant: "Plaintiff was in the business of making loans to undertakers for funerals conducted by them. On August 18, 1943, Nettie Johnson executed a document . . . which purported to assign all her right, title and interest in and to the above mentioned policy to Beverly W. Schweich (the undertaker) and the plaintiff. Thereafter the undertaker assigned all of his right, title and interest and claim in the assignment,

executed by Nettie Johnson, to the plaintiff. . . .
"The proceeds of the policy were not paid to Nettie Johnson or anyone else."

In its pleadings "defendant states that Nettie Johnson was designated as beneficiary in said policy to receive the death benefit only." And on November 29, 1939, the following was stamped on the policy: "Subject to the provisions of the policy authorizing payment to the executor or administrator of the insured, or at the company's option to other persons." Following this there appears in longhand "Nettie Johnson—Daughter." "Has been designated beneficiary to receive death benefit only."

By the terms of the policy the company agreed, subject to certain conditions, "to pay as an endowment on the anniversary on this Policy next if the Insured shall have passed the age of seventy-nine years," etc. the amounts stipulated, and it further provided that if the insured died before reaching the age of 79 years, to pay the stipulated sum "to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph.

"The Company may make any payment . . . to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial."

In *McDaniels v. W. & S. Life Ins. Co.,* 332 Ill. 603, the insurance company issued an industrial policy on the life of Dora McDaniels, Sr., plaintiff's aunt, for $165. Plaintiff had judgment in the Circuit court of St. Clair county for the amount of her claim which the Appellate court affirmed but on certiorari the judgment was reversed. Plaintiff, the niece of the insured, "paid all insurance premiums from July 6, 1925, the date of issue, to August 31, 1925, the date of

the death of the insured. On August 1, 1925, the following rider, on a form provided by the insurance company, was signed by the insured and attached to the policy: 'The undersigned, insured under policy No. 6,112,228 in the above company, hereby authorizes the said company to pay the amount of insurance due under said policy to Dora McDaniels, my niece. It is agreed that this authorization is not to vary in any way or alter the terms and conditions contained in said policy, especially the "facility of payment" provision therein.' "

It will be noted that the rider from which we have above quoted, signed by the insured, merely authorizes the company to pay the amount of insurance to the niece of the insured, while in the case at bar, Nettie Johnson, the daughter of the insured, is the "designated beneficiary, to receive death benefit only."

In the *Wickerath* case, 310 Ill. App. 266 (abst.), the insurance company issued its policy on the life of John A. Unhoch for $500. Suit was brought by Elizabeth Wickerath, also known as Elizabeth Unhoch. The policy provided that upon proof of death of the insured, the company would pay "to the executors or administrators of the Insured, unless payment be made under the next succeeding provision.

"Facility of Payment

"The company may make any payment or allow any benefit provided for in this policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to the Company to be equitably entitled thereto." Stamped on the back of the policy is the following: "Name of person to whom payment of death benefit is requested subject to all the terms and conditions of the policy. Name *Elizabeth Unhoch*. Relationship *Wife*." It will be noted that the endorsement does not name Elizabeth Unhoch as the beneficiary but only a person to whom payment may be made, while in the case at bar, Nettie Johnson is specifically named as the beneficiary.

In *Bishop v. Prudential Ins. Co.*, 217 Ill. App. 112, in discussing a "facility of payment" clause similar to the clause in the policy before us, the court said that the purpose of the clause was "prompt payment of the benefit is usually provided for after the receipt of satisfactory proofs of the death by the insurer; and that the purpose of such a clause is the protection of the insurer in making a prompt payment without the expense of administrative proceedings. (*Thomas v. Prudential Ins. Co.*, 148 Pa. St. 594, 598; *Wokal v. Belsky*, 53 N. Y. App. Div. 167, 65 N. Y. Supp. 815." And continuing the court quoted from the *Thomas* case: "The manifest object of the second schedule of the policy . . . [facility of payment] was to enable the company, in case of the death of the assured, to pay the amount of the policy without the expense of an administration. The sum of $60 [the amount claimed under the policy], if it could be paid only by raising up a legal administration, would be of little use to any one, as nearly the whole of it would be absorbed in fees and expenses."

The *Wokal* case (65 N. Y. Supp. 815) above referred to, was an action brought by the administrator on two policies of insurance issued to John Wokal upon his life by the Metropolitan Life Insurance Company. Defendant Belsky was alleged to be an adverse claimant. The policy there provided that in case of the death of the insured the defendant insurance company might pay the amount under the policy "to any relative by blood or connection by marriage of said John Wokal or to any other person appearing to the defendant corporation to be *equitably entitled* to the same by reason of having incurred expense on behalf of the insured or for his burial." In considering this provision the court said: "the right granted is distinctly an option to be exercised under certain conditions, but not to be used to defeat the purposes of the insurance; it being a general rule that an obligation of an insurance company cannot fail for want of a

particular payee. *Walsh v. Insurance Co.*, 133 N. Y. 408, 31 N. E. 228. The defendant must, by the terms of the policy, pay the amount of it to such person as has become entitled to it by reason of having incurred expense on behalf of the insured, or for his burial. The plaintiff, the administrator of the estate of John Wokal, alleges in his complaint that he has actually paid the expenses of Wokal's burial; and therefore not only is he entitled to recover as administrator, if the corporation has not paid some one else, *but he is also entitled to recover as a person equitably entitled under the terms of the policy.* Apart, however, from authorities, it is evident from the wording of this clause in the policy that no particular beneficiary was designated, and therefore no one, upon the death of the insured, became entitled individually to enforce payment against the company, *except to the extent that he might have paid debts or funeral expenses* ... . . Such a clause in a policy is inserted for the protection of the company, to enable it, in industrial policies, where, as here, the amount payable is small, to discharge its obligation by payment to any one of the classes designated, without requiring administration; but it is not intended to relieve the company from payment to some one." (Emphasis ours.) In that case the policy provided that the company might pay the amount due to any person appearing to it to be *equitably entitled* to the money by reason of having incurred burial expenses of the insured, and in construing this provision the court said: "The defendant must, by the terms of the policy, pay the amount of it to such person as has become entitled to it by reason of having incurred expense on behalf of the insured, or for his burial." Plaintiff in that case alleged he had actually paid the expense of Wokal's burial and therefore he, as administrator, was not only entitled to recover but that he personally "is also entitled to recover as a person equitably entitled under the terms of the policy."

■ In the instant case the policy in specifying those to whom payment may be made by the insurance company includes "any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial." It is admitted that Nettie Johnson, the daughter of the insured, arranged with the undertaker for the burial of her mother, assigned her interest in the policy to the undertaker and to plaintiff. Defendant has paid no one any part of the money admittedly due, and it does not say in its pleading or otherwise that any other person is entitled or claims to be entitled to the $90. In these circumstances it is clear that plaintiff is equitably entitled to the $90. The law creates an obligation on defendant for reasons of justice to pay it. Restatement of the Law of Contracts, ch. 1, § 5, somewhat akin to the common-law action of assumpsit.

■■ If defendant's position in this case is to be sustained, it is a misnomer to refer to the provision in the policy as the "Facility of Payment" clause. It might be more appropriately designated as a provision to prevent payment. And we think what we have just said would be equally applicable if we refer to the transaction as industrial insurance for the reason that if no one could recover the $90 except the administrator, who might be appointed by the Probate court of Cook county, the cost of administration would eat up the $90. And as stated in 217 Ill. App. 112, the purpose of such insurance "is the protection of the insurer in making a prompt payment without the expense of administrative proceedings."

The judgment of the Municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT, J., concurs.

NIEMEYER, P. J., dissents.

The court makes a new contract for the parties. The policy provides that on death of the insured the

company agrees to pay the amount due to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph, generally called a Facility of Payment Clause, and common to industrial policies, reciting that "The Company may make any payment : . . provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial . . . ." The courts of Illinois have uniformly held that this clause is for the benefit of the insurer; that its payment to, or selection in good faith of, a person within the provisions of the Facility of Payment Clause is conclusive, and that in the absence of such payment to or selection of a beneficiary, right of action on the policy is in the executor or administrator. *McDaniels v. Western & Southern Life Ins. Co.*, 332 Ill. 603; *Morticians' Acceptance Co. v. Metropolitan Life Ins. Co.*, 321 Ill. App. 277; *Wickerath v. Western & Southern Life Ins. Co.*, 310 Ill. App. 266 (abst.); *Voris v. Rutledge*, 297 Ill. App. 383; *Pioneer Trust & Sav. Bank v. Metropolitan Life Ins. Co.*, 278 Ill. App. 113; *Bishop v. Prudential Ins. Co. of America*, 217 Ill. App. 112. The right of the company to select the payee is not impaired by the endorsement on the policy that, "Subject to the provisions of the Policy authorizing payment to the executor or administrator of the Insured, or at the Company's option to other persons, Nettie Johnson—Daughter, has been designated beneficiary, to receive death benefit only." The rights of Nettie Johnson, as beneficiary, are expressly made subordinate or subject to the rights of the company to make payment under the Facility of Payment Clause. By the endorsement she was named as one to whom the company might make payment, but she did not become the only person to whom payment

could be made. A similar situation was before the court in the *McDaniels* case, *supra*. In that case an industrial policy with substantially the same Facility of Payment Clause as in the instant case, had a rider attached reciting that the insured "authorizes the said company to pay the amount of insurance due under said policy to Dora McDaniels, my niece. It is agreed that this authorization is not to vary in any way or alter the terms and conditions contained in said policy, especially the 'facility of payment' provision therein." The court said (607): "The authorization, as a part thereof, provided that it should not vary or in any way alter the terms and conditions contained in the facility of payment clause. If it did not vary the terms of that clause then the option to pay anyone coming within the provisions of such clause, other than the defendant in error, still remains in the contract. The defendant in error has no right to sue unless she is the beneficiary and entitled to the fund. The fact that she was by the rider included among those to whom the insurer might pay the fund does not give her that right in the absence of the exercise in her behalf of the option resting in the company. . . . . . . she did not by the rider become the only person to whom the company could, under the contract, pay the fund." In *Lain v. Metropolitan Life Ins. Co.*, 388 Ill. 576, in speaking of the rider in the *McDaniels* case, the court said (579): "In the *McDaniels* case . . . the purported transfer was made subject to the right of the insurance company to exercise the options conferred in the 'Facility of Payment' clause," thereby giving the rider the same effect as the endorsement in the present case, which expressly made the designation of Nettie Johnson, as beneficiary, subject to the provisions of the policy authorizing payment to the executor or administrator of the insured, or, at the company's option, to other persons. In the *McDaniels* case, as in the present case, the right of the company to select, under the Facility of Payment

Clause, the person to whom payment should be made, was expressly preserved, and the attempt in the opinion of the court to distinguish the two cases fails.

The *Wickerath* case, 310 Ill. App. 266, decided by this court, followed the *McDaniels* case. An attempt is now made to distinguish it from the present case, because the person named in the endorsement in the *Wickerath* case was not designated "as the beneficiary but only a person to whom payment may be made." However, in that case the request for the payment to the wife was made subject "to all terms and conditions of the policy," which included a Facility of Payment Clause substantially identical with the one before us, and the rights of the respective persons, by whatever name they are called, to whom the insured in each policy sought to have payment made were subject to the same condition, namely, the right of the company to select a beneficiary. If anything the present case is stronger than the *Wickerath* case. In that case the preservation of the company's right to select the payee was general. Here the reservation of the company's option to pay other persons than Nettie Johnson is specific.

In discussing *Bishop v. Prudential Ins. Co.*, 217 Ill. App. 112, the court refers to and quotes from *Wokal v. Belsky*, 65 N. Y. S. 815, cited in the *Bishop* case. In so far as that case holds that a person paying the funeral expenses may sue "as a person equitably entitled under the terms of the policy," it is in direct conflict with the decisions of our courts, and it ignores the plain, unambiguous language of the Facility of Payment Clause, which makes the insurer, and not a third person or the courts, the judge of the person equitably entitled to receive payment under the terms of the policy. It is also in conflict with the leading case of *Thomas v. Prudential Ins. Co.*, 148 Pa. 594, cited in the *McDaniels* case, and also cited and quoted from in the *Bishop* case, and by the court in this case.

In the *Thomas* case the court, as quoted in the *Bishop* case (p. 119), said: "It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract itself does not offend against any rule of law or public policy, and we cannot hold that the administrator is entitled to recover without making a new contract for the parties." In that case the party to whom the company made payment had advanced only $8 for funeral expenses. In *Voris v. Rutledge*, 297 Ill. App. 383, the court cited the *Bishop* case as holding ". . . that where an insurer fails to exercise the option as to the person to whom it will pay, given it by the facility of payment clause in an industrial insurance policy payable to the executor or administrator, recovery may be had at the suit of the executor or administrator," and said (387): "This is sound in law and in logic. A party who is in a position to receive the bounty if the insurer elects to pay it to him cannot compel the making of a new contract. Contracts are determined in pursuance of the positions and rights of the parties thereto. An outsider, in the absence of fraud, may not oust one party to a contract and place himself in that party's place." In the *Bishop* case it appears that the administrator who brought suit on the policy was appointed at the instance of creditors of the deceased, who had claims against his estate for medical and hospital services and for funeral expenses, and that the claim on the policy was the only asset of the estate. The judgment in the trial court for the administrator was reversed, it appearing that the company had exercised its option to pay another person whom it considered equitably entitled to the money.

In the instant case the court seeks to justify the selection of Nettie Johnson and her assignee as the person equitably entitled to the amount due by saying that "Defendant has paid no one any part of the money

admittedly due, and it does not say in its pleading or otherwise that any other person is entitled or claiming to be entitled to the $90. Plaintiff's right, if any, to recover depends upon its title, and the burden of establishing that title rests wholly upon the plaintiff. There is no obligation on the defendant to show that someone other than the plaintiff has a stronger claim in law or equity. When defendant denied the plaintiff's right to sue and asserted its (defendant's) right to select the beneficiary under the Facility of Payment Clause, it did all that the law required of it. Anything further would have been the pleading of immaterial matter and a needless confusion and extension of the issues in the case. Furthermore, upon the record before us, defendant is not in a position to make payment under the policy until this litigation is ended. The insured died August 18, 1943; on the same day Nettie Johnson delivered the policy, with an assignment of its proceeds, to plaintiff, who immediately made demand on defendant for payment; on September 1, 1943, plaintiff's claim was rejected, and suit was started October 7th following. It would have been exceedingly poor business to have made payment to anyone after the suit was instituted, and a delay of five weeks to ascertain whether suit would be started is not unreasonable, particularly when, as in the present case, the number of prior actions against the defendant on similar assignments, as shown by the records of this court, was notice that this suit would in all likelihood be brought. Defendant should not be criticized for making its defense to plaintiff's action. For all we know, or, are at present entitled to know, it may be that an estate of the insured is now being administered in the courts, or, that other relatives or even friends of the insured have paid out greater sums than the $90 here involved, for medical and hospital expenses of the insured in her last illness under circumstances which, if disclosed, would lead this court, if vested

with the power, to determine that they, rather than Nettie Johnson or her assignee, were equitably entitled to the amount due under the policy. It may also be the fact that the insurer has already determined the person to whom the money should be paid, and is only awaiting the termination of this litigation. The great number of similar policies written by the defendant require, in the interest of the policy holders as well as of itself, that the rights and liabilities under these policies be definitely fixed by the courts; for if, as held in the opinion of the court, third persons may by independent action make themselves beneficiaries against the will of the insurer, or the courts may substitute themselves for the insurer in determining the person equitably entitled thereto, the business of the defendant, in the chaos resulting, would become extremely hazardous, and the purpose of the clause, as stated in the *McDaniels* case (606), "To protect the insurance company, with the consent of the insured, against trifling but expensive litigation which might constantly occur over disputes as to parties entitled to the amount of the insurance," is defeated.