THOMAS CHAPMAN, plaintiff in error, *v.* SCOVIL SHATTUCK, defendant in error.

*Error to Boone.*

A. sued B. in debt upon an appeal bond. At the return term, B. moved to dismiss the suit, and filed a stipulation signed by the parties, setting forth that the suit had been settled, and that it was to be dismissed at the cost of B. The plaintiff's attorney resisted the motion, and filed an affidavit stating that he and his client had agreed that he should receive a balance of seven dollars, due for professional services, out of the proceeds of the judgment in the suit; that B. had notice of the agreement prior to the execution of the stipulation filed by him, and finally, that the settlement of the suit was made without his knowledge or consent. The Court dismissed the suit: *Held,* that the Court decided correctly.

The doctrine is well settled, that a Court of Law will recognize and protect the rights of the assignee of a chose in action, whether the assignment be good at Law, or in Equity only. If valid in Equity only, the assignee is permitted to sue in the name of the person having the legal interest, and to control the proceedings. The former owner cannot interfere with the prosecution, except so far as may be necessary to protect himself against the payment of costs. After the debtor has knowledge of the assignment, he is inhibited from doing any act which may prejudice the rights of the assignee. All acts transpiring between the debtor and creditor, after such knowledge and without the knowledge of the assignee, will be void as against the latter. But a case will not come within the principle laid down, unless there is an assignment of the whole cause of action.

DEBT upon an appeal bond in the Boone Circuit Court, brought by the plaintiff in error against the defendant in error, and heard before the Hon. Thomas C. Browne, at the April term 1846, on motion of the defendant to dismiss the suit according to the terms of an agreement filed. The motion was allowed, and the suit dismissed at the costs of defendant. The intervening proceedings are substantially stated by the Court.

The cause was heard in this Court upon an agreed statement of facts, and the written arguments of counsel.

*W. T. Burgess,* who claimed an interest in the appeal bond, contended, that after a debtor has had notice of the assignment of a chose in action, it was unnecessary to show

fraud between debtor and creditor; and in support of the position, cited *Pinder* v. *Morris,* 3 Caines, 165, and several authorities referred to in that case.

The case resolves itself into this: Can a client pledge to his attorney the subject matter of the suit, to secure him his fees? Is not the adverse party bound, upon notice given to him, to respect such pledge, and will not the Courts, *ex debito et justitia,* protect it?

*F. B. Hamlin,* for the defendants in error.

Did the agreement between plaintiff and his attorney, Burgess, create such a lien as would be binding on the defendant?

An attorney's lien does not commence until the rendition of the judgment so as to bind the adverse party, and his lien is confined to the attorney's taxable costs made in the suit. *Man* v. *Smith,* 4 Barn. & Ald. 466; *Baker* v. *Cook,* 11 Mass. 338; *Welsh* v. *Hole,* Doug. 238; 1 H. Black. 122; *Bunker* v. *Locke,* 13 Mass. 525; *Potter* v. *Mayo,* 3 Greenl. 34; *Shapley* v. *Bellows,* 4 New Hamp. 347; *People* v. *Hardenburg,* 8 Johns. 335.

It is well settled, that a plaintiff may, without consulting his attorney, compromise an action with the defendant, and take on himself the payment of the costs of the attorney, if there be no fraudulent conspiracy to cheat the attorney out of his costs. And where fraud or collusion is alleged, the attorney is bound to make out a clear case in order to entitle him to aid from the Court. *Chapman* v. *How,* 1 Taun. 341; *Nelson* v. *Wilson,* 4 Nev. & P. 385; 6 Bing. 568.

To constitute an actual fraud between two or more persons to prejudice a third, connivance and design to injure such third person by depriving him of some right, or otherwise impairing it, must be shown. Actual fraud is not to be presumed, but must be proved by the party who alleges it; and if the motive and design of any act may be traced to an honest purpose and legitimate source equally as to a corrupt one, the former ought to be preferred. *McConnell* v. *Wilcox,* 1 Scam. 365; *Hubbard* v. *Turner,* 2 McLean, 515.

The doctrine of attorneys' liens has never been so far extended in this country, or in England, as to reach the present case. *People* v. *Hardenburg*, 8 Johns. 335.

It has recently been decided, that an attorney has a lien on money which he has collected, for the amount due him in the particular case in which it was received, but not for any general balance due him for professional services rendered in another case. *Pope* v. *Armstrong*, 3 Smedes & Marsh. 214. See, also, Cross on Liens, 32 Law Lib. 147; *Lane* v. *Church*, 4 Madd. 207; *John* v. *Dufendorf*, 12 Wend. 261; *Philip* v. *Stagg*, 2 Edw. 108; *Harney* v. *Demos*, 3 Howard, 174; *Blunden* v. *Desart*, 2 Conn. & Laws. 111. In the last case referred to, it is decided that the lien of a solicitor upon deeds of his client's estate, cannot prevail against a judgment creditor for any greater amount of costs than those incurred at the rendition of judgment.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of debt commenced by Chapman against Shattuck. The declaration was on an appeal bond in the penalty of seventy one dollars. At the return term, Shattuck moved to dismiss the case and filed a stipulation signed by him and Chapman, stating that the suit had been settled, and agreeing that it should be dismissed at the costs of Shattuck. The motion was resisted by W. T. Burgess, Esq., the plaintiff's attorney. He read an affidavit, alleging in substance that it had been agreed between him and his client that a balance of seven dollars, due him for services as attorney in this and a former case, should be paid out of the proceeds of the judgment to be recovered in this suit. That before the date of the stipulation to dismiss, he notified Shattuck of the agreement between him and his client; and that the settlement was made without his knowledge or consent. The Circuit Court dismissed the case according to the terms of the stipulation. That decision is now assigned for error.

---

* Justice YOUNG took no part in the decision of this case.

It is insisted that Burgess had such an interest in the subject matter of the suit, as to preclude the parties from compromising it without providing for the payment of the amount due him.   If this position can be sustained, it must be on the ground that he was the equitable assignee of the chose in action, on which the suit was instituted.   The doctrine is now well settled, that Courts of law will recognize and protect the rights ·of the assignee of a chose in action, whether the assignment be good at law, or in equity only. If valid in equity only, the assignee is permitted to sue in the name of the person having the legal interest, and to control the proceedings.   The former owner is not allowed to interfere with the prosecution, except so far as may be necessary to protect himself against the payment of costs. After the debtor has knowledge of the assignment, he is inhibited from doing any act which may prejudice the rights of the assignee.   Payment by him to the nominal creditor, after notice of the assignment, will be no defence to an action brought for the benefit of the assignee.   Any compromise or adjustment of the cause of action by the original parties, made after notice of the assignment, and without the consent of the assignee, will be void as against him. *Andrews* v. *Becker,* 1 Johns. Cases, 411; *Littlefield* v. *Story,* 3 Johns. 426; *Raymond* v. *Squire,* 11 do. 47; *Anderson* v. *Van Allen,* 12 do. 343; *Jones* v. *Withe,* 13 Mass. 304; *Welch* v. *Mandeville,* 1 Wheaton, 233; *McCullom* v. *Coxe,* 1 Dallas, 134.   A partial assignment, however, of the chose in action, will not suffice to bring the case within the principle.   The whole cause of action must be assigned.   It was well remarked by Justice Story, in *Mandeville* v. *Welch,* 5 Wheaton, 277, that "a creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments aud responsibilities not contemplated in his original contract.   He has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments, by which it may be broken into payments.   When he undertakes to pay an integral sum to his

creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons." In the case before us, it is not pretended that there was an assignment of the entire cause of action. By the terms of the agreement, Burgess was only to receive a portion of the proceeds of the bond. This gave him no power over the suit. Chapman had not so parted with his interest in the bond as to lose his right to control it. Shattuck was not bound to notice the claim of Burgess. The parties to the record were at full liberty to compromise the case, and having done so, the Circuit Court did right in carrying their stipulation into effect.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

