## Standard Discount Company, Inc., Appellee, v. Metropolitan Life Insurance Company, Appellant.

### Gen. No. 42,701.

Heard in the first division of this court for the first district at the June term, 1943. Opinion filed January 24, 1944.

HOYNE, O'CONNOR, RUBINKAM & MELANIPHY, of Chicago, for appellant; NATHANIEL RUBINKAM and JOHN C. MELANIPHY, both of Chicago, of counsel.

VICTOR H. BLOOM, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $255, entered on the finding of the court. There is no dispute as to the facts. Plaintiff sued as the assignee of the proceeds of a life insurance policy issued on the life of Mervin Holliday, of which his wife

Flossie was named beneficiary. The policy was for the amount of $480. The insured died April 7, 1942. The policy among other things provided:

"Nonassignability. Any assignment or pledge of this policy or of any of its benefits shall be void."

On April 7, 1942, Mrs. Holliday executed and delivered to the Edwards Funeral Home a written instrument, under seal, which provided:

"I . . . do hereby assign, set over and transfer unto Edwards Funeral Home, its-his successors and assigns, the sum of Three Hundred Fifty Five and no/100 Dollars ($355.00)."

The instrument goes on to state that this sum is to be paid from the benefits of the insurance policy above described. The instrument also says:

"I (we) hereby appoint Standard Discount Company or any one of them, our attorney-in-fact to act for us with full power to make collections of, compromise, settle and receipt for the proceeds of said policy of insurance or certificate in our names or otherwise, as fully to all intents and purposes as we ourselves could do, with full power of substitution and revocation, hereby ratifying and confirming all that our said attorneys or their substitutes may do or cause to be done by virtue hereof.

"I (we) request and authorize Metropolitan Life Insurance Company to notify Standard Discount Company (Address 104 East 43rd Street, Tel No. Atl. 3302), so that they may be present when payment of the above mentioned policy is to be made."

The instrument is under seal and acknowledged before a notary public. On the reverse side of this instrument is a written assignment by the Edwards Funeral Home and under its corporate seal to plaintiff, its successors and assigns, of all "our right, title, interest and claim in and to the within assignment, and do hereby direct that payment be made to the said

Standard Discount Co., hereby ratifying, confirming and approving anything that the said Standard Discount Co. may do in the premises."

On the same day these assignments were executed and delivered plaintiff mailed both to defendant with an inquiry as to when payment of the proceeds of the policy would be made. Defendant returned the assignments to plaintiff and later paid to Mrs. Holliday the entire proceeds of the policy, $480.

Defendant contends in the first place that the assignments were void by reason of the nonassignability clause in the policy; that plaintiff, therefore, could not recover thereon;.and that the judgment should be reversed. Defendant relies on a large number of cases including *Tyler v. National Life & Accident Ins. Co.,* 48 Ga. App. 338, 172 S. E. 747; *Morkel v. Metropolitan Life Ins. Co.,* 163 Misc. 366, 297 N. Y. S. 962; *Thomas v. Metropolitan Life Ins. Co.,* 144 Ga. 367, 87 S. E. 303; *Oleska v. Kotur,* — Ind. App. —, 48 N. E. (2d) 88. It also cites *Mueller v. Northwestern University,* 195 Ill. 236, 63 N. E. 110. The *Mueller* case is, however, clearly distinguishable in that the contract, which was one for the erection of a building, was executory only when the assignment was made. Defendant cites *Monahan v. Metropolitan Life Ins. Co.,* 283 Ill. 136, and *Ramsey v. Old Colony Life Ins. Co.,* 297 Ill. 592, in each of which the question at issue concerned the survival of the incontestible clause in the policy. There is no such question here. It also cites *Schmidt v. Equitable Life Assur. Society of United States,* 376 Ill. 183, where the question at issue was the amount due under the policy under certain non-forfeiture and loan provisions. The case is not helpful in considering the questions at issue here. *Oleska v. Kotur,* — Ind. App. —, 48 N. E. (2d) 88, an Indiana case, is cited but the opinion expressly excepts a situation where, as here, "the vested rights of a designated beneficiary intervene." We think it quite unnecessary to discuss

decisions cited from other States. The cases are collected in 56 A. L. R. 1387 at 1396, in a note to *Ginsburg v. Bull Dog Auto Fire Ins. Ass'n,* 328 Ill. 571, 160 N. E. 145, a case which this division well remembers since our judgment was there reversed by the Supreme Court. (237 Ill. App. 656) The note says:

"General stipulations in policies, prohibiting assignment thereof, except with the insurer's consent, or upon giving some notice, or like conditions, have universally been held to apply only to assignments *before loss,* and accordingly not to prevent an assignment, *after loss,* of the claim or interest of the insured in the insurance money then due in respect to the loss."

At page 1400 the annotation continues:

"And stipulations expressly prohibiting assignments after loss, as well as before loss, have been held to be against public policy, so far as they prohibited the assignment after loss of the claim for that loss . . . ."

The Supreme Court in *State Street Furniture Co. v. Armour & Co.,* 345 Ill. 160, held the rule applicable even to an assignment of wages. Citing the *Ginsburg* case. The third division of this court in the recent case of *Standard Discount Co., Inc. v. Polish Women's Alliance of America,* 301 Ill. App. 512, has applied the rule to money due on a fraternal life insurance policy, although a by-law of the company provided that the death benefit payable upon the death of a member could not be "pledged, transferred or assigned by either the members or their beneficiaries, nor can it be paid to anyone in satisfaction of a debt other than to the person designated in the certificate of insurance." The opinion construes the by-law as applicable only to an assignment made by the assured in his lifetime, but it also stated in substance that a sum certain of money having become due to the beneficiary, he had a vested right which he could assign irrespective

of any provision to the contrary in the policy. Other decisions to the same effect are *Metropolitan Life Ins. Co. v. Lanigan,* 74 Colo. 386, 222 Pac. 402; *Estelle Undertaking Co. v. Grand Lodge Colored K. P. of Texas* (Tex. Civ. App.), 53 S. W. (2d) 316; *Foryciarz v. Prudential Ins. Co. of America,* 95 Misc. 306, 158 N. Y. S. 834. See also *In re Estate of Schriver,* 289 Ill. App. 581, 7 N. E. (2d) 611. We hold it to be the law of this State that upon the death of an insured under a life insurance policy the proceeds are vested in the beneficiary and that any provision in the contract that the beneficiary may not assign the same is invalid.

A more difficult question is raised by defendant's contention that since the alleged assignment is a partial assignment of an entire fund the plaintiff cannot maintain an action at law thereon. The general rule in regard to such an assignment is stated in 6 C. J. S. § 75, p. 1128, to be:

"At law, ordinarily a partial assigment of a fund or chose in action not accepted or assented to by the debtor is invalid and unenforceable for the reason that the creditor should not be permitted to split up a single cause of action into many without the assent of the debtor; to do so subjects the debtor to embarrassments, responsibilities, and multiplicity of suits not contemplated in his original undertaking."

The doctrine thus clearly stated is declared in a number of Illinois cases of which it will be sufficient to cite *Chapman v. Shattuck,* 8 Ill. 49; *Crosby v. Loop,* 13 Ill. 625, and *Eaves v. Chicago B. & Q. R. Co.,* 200 Ill. App. 380. The authorities cited state the reason to be that a person might not be vexed twice by the same action, and this is the reason as shown by the decisions in all the States to the effect that an action at law may not be split up by partial assignments to several persons. There are several answers to this contention on this record. In the first place, the power of attorney

which was made a part of the assignment constituted plaintiff attorney-in-fact to settle and receipt for the proceeds of the policy of insurance, "as fully to all intents and purposes as we ourselves could do;" etc. Defendant here says that the power of attorney did not enlarge upon the interest of the plaintiff, and that notwithstanding it authorizes the payment of the entire proceeds it still constitutes only a partial assignment. Two cases are cited, *McHarry v. Bowman,* 274 Ill. App. 487, and *Horne v. Ingraham,* 125 Ill. 198. In both those cases the power of attorney was quite limited. This power of attorney is unambiguous and clear. It gives the plaintiff full power to collect and receipt for the proceeds of the policy. If the assignment was insufficient, defendant was nevertheless bound by the power of attorney to pay the entire proceeds, or any part thereof to plaintiff.

In Couch, Cyc. Insurance Law, Vol. 6, § 1459, at page 5275, this pertinent statement is made:

"If an assignee after loss is, by assignment, given full power to collect the proceeds, his right thereto cannot be questioned as between him and the assignor."

See also the Restatement of the Law of Contracts, Vol. 1, § 156, with comment thereon, and *Lewis v. Braun,* 356 Ill. 467.

Again, the plaintiff plausibly contends that the enactment of the Civil Practice Act of 1933, which permits the joinder of actions of law of parties whose interests are either joint or several, by removing the reason for it has changed the rule itself in this jurisdiction. Section 23 of ch. 110, par. 147 of the Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.023], provides:

"(Joinder of Plaintiffs.) Subject to rules, all persons may join in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist,

whether jointly, severally or in the alternative, where if such persons had brought separate actions any common question of law or fact would arise: Provided, that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such order as may be expedient, and judgments may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled.

"If any one who is a necessary plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint."

This section is substantially the same as section 209 of the Civil Practice Act of New York. (See Cahill's New York Civil Practice Act, Smith-Hurd Ill. Anno. Stat., ch. 110, par. 147, § 23, p. 102 [Jones Ill. Stats. Ann. 104.023].) This has been the construction put upon that act by the courts of New York. *Bush v. Murray,* 209 App. Div. 563, 205 N. Y. S. 21. It is also the opinion of Professor McCaskill, Editor-in-Chief of the Illinois Civil Practice Act. (See Ill. Practice Act Anno., McCaskill, p. 42; see also *Crane v. Railway Express Agency, Inc.,* 293 Ill. App. 328.)

However, it is not necessary to put our decision on this ground. The simple fact is that when this suit was brought, defendant, with notice, had paid to the assignor the full amount of the proceeds of the policy, and she had paid to plaintiff $100 upon the amount due, leaving the balance of the claim against defendant at the amount for which judgment was rendered. It appears, therefore, no person other than plaintiff has any interest in this cause of action. The assignment, therefore, is not partial and the cause of action is not split. The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.