Van V. Lain and William Lain, Trading as Lain and Son, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 42,864.

644

Heard in the third division of this court for the first district at the October term, 1943. Opinion filed April 26, 1944.

HOYNE, O'CONNOR, RUBINKAM & MELANIPHY, of Chicago, for appellant; NATHANIEL RUBINKAM, JOHN C. MELANIPHY and MELVIN L. GIBBARD, all of Chicago, of counsel.

FISHER & FISHER, of Chicago, for appellee; JOSEPH FISHER, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Van V. Lain and William Lain, morticians, doing business as Lain & Son, filed a statement of claim in the municipal court of Chicago against the Metropolitan Life Insurance Company, a corporation, stating that on February 20, 1939 defendant delivered its policy of insurance on the life of Alice Newman in the sum of $400, naming James Newman, insured's son, as beneficiary; that the policy continued in full force from its issuance until January 14, 1943, when the insured died; that due proof of death was made; that on January 14, 1943 James Newman, being indebted to plaintiffs in the sum of $434.77 for funeral services rendered by plaintiffs for the body of Alice Newman, executed and delivered a written assignment to plaintiffs of all his right, title and interest in the policy and appointing Robert H. Harper, credit manager of plaintiffs, to receive, receipt and sue for the proceeds of the policy; that on or about January 15, 1943 plaintiffs delivered the assignment and the policy "for surrender to defendant"; that defendant failed and refused to recognize "said instrument" and failed and refused to pay plaintiffs the sum of $400 provided by the policy, wherefore, plaintiffs sued. Answering, defendant admitted the issuance of the policy; denied

that the policy was in full force at the time of the death of Alice Newman; stated that the policy had a value of $397.47; admitted that proofs of death were submitted; admitted the receipt of the "alleged assignment"; denied that the policy was surrendered to it; admitted that it refused to recognize the assignment and stated that any money due under the policy "is payable to James Newman, son"; asserted that the policy contained a nonassignability clause; and that any purported assignment to the plaintiffs "is void and of no force and effect." A trial before the court without a jury resulted in a finding and judgment against defendant for $397.47. Defendant appeals.

There is no dispute as to the facts. The policy contains a "facility of payment" clause reading:

"If the Beneficiary does not surrender this Policy with due proof of death within 30 days after the death of the Insured, or if the Beneficiary is the estate of the Insured, or is not legally qualified to give a valid release, or dies before the Insured, the death benefit will, upon surrender of this Policy with due proof of death, be paid to the executor or administrator of the Insured, but in any such case the Company may, in lieu of payment to the executor or administrator, pay the death benefit to any person named as Beneficiary, or to any relative by blood or connection by marriage of the Insured appearing to the Company to be equitably entitled to such payment."

The policy also contained the following clause: "Nonassignability. Any assignment or pledge of this Policy or of any of its benefits shall be void." Alice Newman died on January 14, 1943. Plaintiffs were engaged to and did bury the body of insured. The amount of the funeral bill was $484.77, upon which $50 had been paid. After the death of his mother, James Newman, as beneficiary, for value received, executed to the plaintiffs an assignment of all his

right, title and interest in and to the policy. On January 15, 1943, the day after the execution of the assignment, Robert H. Harper, credit manager of plaintiffs, took the assignment and policy to the office of defendant at 63rd street and Maryland avenue, Chicago, and told Mr. Sherow, the manager at that office, that funeral arrangements had been made and that he had an assignment of the policy and the "policy itself," and asked to be permitted to make the claim as the attorney-in-fact of the beneficiary. Mr. Sherow told Mr. Harper that he did not have authority to issue claim papers to him, that he would have to submit the matter to his home office, and suggested that Mr. Harper leave the assignment with him to be submitted to the home office and for Mr. Harper to retain possession of the policy until the home office made a decision. Mr. Harper left the assignment and retained the policy. Mr. Sherow gave him a form containing a statement to be made out by the attending physician. This form was filled out and returned to Mr. Sherow a day or two later. Defendant returned the assignment to plaintiffs with a letter stating that under the provisions of the policy the assignment was ineffective. Later defendant wrote plaintiffs another letter in which it quoted the "nonassignable clause." On February 20, 1943, Mr. Harper, on behalf of plaintiffs, wrote Mr. Sherow relative to the payment of the proceeds of the policy requesting an opportunity to be present when payment was made, and stating "I have possession of the policy, which I shall be glad to surrender at that time."

Defendant maintains that under the provisions of the policy the alleged assignment is void. Plaintiffs insist that the assignment, made after the death of the insured, is an assignment of a chose in action and that the nonassignability clause does not affect their rights to receive the proceeds of the policy. Defendant asserts that the nonassignability clause is plain and un-

ambiguous and that it should be enforced as written. We have studied all of the cases cited by the respective parties. In an opinion by the court of appeals of Georgia in the case of *Tyler v. National Life & Accident Ins. Co.*, 48 Ga. App. 338, 172 S. E. 747, it appears that suit was brought in the municipal court of Atlanta by the beneficiary of a policy of life insurance against the insurance company. The policy contained a provision that "any assignment of this policy or of any of the benefits thereunder shall be void and of no effect." Upon the death of the assured the beneficiary wrote a letter to the company authorizing it to pay the proceeds of the policy to the undertaker. Under a ruling of the court the petition was amended and thereafter the case proceeded in the name of the beneficiary for the use of the undertaker. The defendant claimed that plaintiff did not have a right to sue. In reversing the trial court and ordering a new trial so as to allow the beneficiary to sue in her own name, the court of appeals said (748):

"Where a policy contains a provision that any assignment of the policy or its benefits shall be void, and such provision is not waived by the insurer, or there is no express or implied consent to the assignment, such an assignment will not give to the assignee any right of action on the policy. . . . Under the terms of the policy sued on, the plaintiff, not having executed an assignment effective against the insurer, retained the right to sue in her own name, and the alleged assignee had no right of action."

In *Morkel v. Metropolitan Life Ins. Co.*, 163 Misc. 366, 297 N. Y. Supp. 962, decided by the Appellate term of the Supreme Court of New York, an action was brought by an alleged assignee to recover the proceeds of two industrial policies containing the following provision: "Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no ef-

fect." In reversing a summary judgment for plaintiff, entered by the municipal court, the court said (963):

"We think the provision against assignment of the policy was plain and unambiguous and must be enforced as written."

See also *Oleska v. Kotur,* 113 Ind. App. 428, 48 N. E. (2d) 88, decided by the Appellate Court of Indiana. Plaintiff relies on *Ginsburg v. Bull Dog Auto Fire Ins. Ass'n of Chicago,* 328 Ill. 571, and *Beck-Brown Realty Co. v. Liberty Bell Ins. Co.,* 137 Misc. 263, 241 N. Y. Supp. 727, and other cases. From the *Ginsburg* case it appears that the insurance company issued a policy to Nick D'Alassandro against loss by theft of his automobile; that the automobile was stolen and not recovered; and that D'Alassandro then assigned his claim under the policy to Ginsburg. The policy provided that "no assignment of interest under this policy shall be or become binding upon the association unless the written consent of the attorney is indorsed thereon and an additional membership fee is paid." The defendant there was a mutual and reciprocal insurance company. A judgment entered against defendant was reversed in the Appellate Court. The Supreme Court, in reversing the judgment of the Appellate Court and affirming the judgment of the trial court, said (572):

"The entire defense was based upon the failure to comply with the terms of the policy above quoted with reference to the assignment. There is a distinction between the assignment of a policy of insurance before loss and the assignment of a claim for loss after the loss has occurred. In the case of an executory contract, whether it be a policy of insurance or any other contract, the rule is well settled that the contract generally is not assignable without the consent of both parties thereto, where the personal acts and qualities of one of the parties form a material and ingredient part of

the contract. (2 Chitty on Contracts, — 11th Am. ed. — 1336.) This is upon the doctrine that every one has a right to select and determine with whom he will contract, and he cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.' . . . After the contract has been fully executed and nothing remains to be done except to pay the money a different rule applies. The element of the personal character, credit and substance of the party with whom the contract is made is no longer material, because the contract has been completed and all that remains to be done is to pay the amount due. The claim becomes a chose in action, which is assignable and enforcible under section 18 of the Practice Act.''

In the *Ginsburg* case our Supreme Court quotes the following from May on Insurance, vol. 2, sec. 386:

''An assignment after loss is not the assignment of the policy but the assignment of a claim or debt—a chose in action. . . . An assignment after loss does not violate the clause in the policy forbidding a transfer even if the clause reads before or after loss. The reason of the restriction is, that the company might be willing to write a risk for one person of known habits and character and not for another person of less integrity and prudence, but after loss this reason no longer exists.''

We are of the opinion that the *Ginsburg* case is not controlling in the case at bar. In that case it will be observed that the insured, who was also the beneficiary, assigned his claim under the policy. The policy provided that no assignment of interest would be binding upon the association without the written consent of its attorney indorsed thereon and the payment of an additional membership fee. It is obvious that no

membership fee would be required after a loss unless the assignee of the policy wished to become a member of the association. It is apparent from the language of the assignment in that case that there was no intent to inhibit the assignment of a claim under the policy after the claim accrued. In the *Beck-Brown Realty Co.* case a mortgagee of premises was insured against loss by fire. The mortgagee was in possession of the bond and mortgage at the time of the destruction of the premises by fire. There was an assignment of the bond and mortgage and also an assignment of all right, title and interest in and to the policy from the mortgagee to plaintiff, who sued to recover under the fire insurance policy. Defendant moved to dismiss the complaint on the ground that the contract of insurance was not one that may be assigned and on another ground not pertinent to the decision of our case. In denying the motion to dismiss the complaint, the trial judge said (728):

"A contract of insurance is personal as to the assured. . . . This is true since the character of the assured is an important element in the contract and one person cannot be substituted for another without the consent of the insurer. . . . Before loss, the insurer is subjected to a risk, and it is this risk which the insurer may exempt from assignability except upon his own consent. Upon loss, however, the risk disappears and nothing remains except the assured's right to payment — a mere chose in action which may be assigned within the limitations of any other chose in action. Thus an assignment of a fire insurance policy subsequent to a loss is valid, regardless of the condition of the policy."

It is not stated in the latter case that there was a clause in the policy restricting the right of assignment. It is clear that in the absence of such a restriction that the insured had a right to assign the right, title and interest in the policy after the loss. In our opinion

neither the *Ginsburg* nor the *Beck-Brown Realty Co.* cases are support for plaintiff's contention.

In *Arkansas Valley Smelting Co. v. Belden Min. Co.,* 127 U. S. 379, the court said (387):

"At the present day, no doubt, an agreement to pay money, or to deliver goods, may be assigned by the person to whom the money is to be paid or the goods are to be delivered, if there is nothing in the terms of the contract, whether by requiring something to be afterwards done by him, or by some other stipulation, which manifests the intention of the parties that it shall not be assignable. But every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent."

We have read the cases of *Standard Discount Co., Inc. v. Metropolitan Life Ins. Co.,* 321 Ill. App. 220, and *Morticians' Acceptance Co., Inc. v. Metropolitan Life Ins. Co.,* 321 Ill. App. 277, which involved nonassignability clauses containing the same language as the clause in the instant case. In the *Standard Discount Co.* case the court said (224):

"We hold it to be the law of this State that upon the death of an insured under a life insurance policy the proceeds are vested in the beneficiary and that any provision in the contract that the beneficiary may not assign the same is invalid."

After careful study of the reported cases, we are unable to agree with the conclusion of the learned judges. The two cases reported in 321 Ill. App. discuss our opinion in *Standard Discount Co., Inc. v. Polish Women's Alliance of America,* 301 Ill. App. 512. The latter case does not support the contention of plaintiffs in the instant case. There we held that the by-law did not purport to forbid assignment after the death of a member and that under the contract of insurance the right of the beneficiary became vested on the death of

the member.  We also stated that under the broad provisions of the insurance code a fraternal insurance society had the right to adopt reasonable by-laws, which becoming a part of the contract of insurance, bind not only the members but the beneficiary as well.  We held that under the contract in that case the death benefit became vested at the moment of the death of the insured and that there was a right to assign.  Under the "facility of payment" clause in the policy in the case at bar, the right to the death benefit does not become vested in the beneficiary named in the policy on the death of the insured.  In that clause the named beneficiary is required to surrender the policy and make due proof of death within 30 days after the death of the insured.  The "facility of payment" clause and the "nonassignability" clause must be read together.  The beneficiary, and not an assignee of the beneficiary, is required to surrender the policy and make due proof of death within the 30-day period.  The "facility of payment" clause has been upheld by our courts.  *McDaniels v. Western & Southern Life Ins. Co.,* 332 Ill. 603; *Bishop v. Prudential Ins. Co.,* 217 Ill. App. 112; *Voris v. Rutledge,* 297 Ill. App. 383.  Under the policy before us the right to the proceeds does not vest in any individual on the death of the insured.  The payment of the policy is governed by the provisions of the "facility of payment" clause and the "nonassignability" clause.  Under this policy the death benefit did not become vested in James Newman on the death of his mother.  Therefore, there was no right to assign.  In *Monahan v. Metropolitan Life Ins. Co.,* 283 Ill. 136; *Ramsey v. Old Colony Life Ins. Co.,* 297 Ill. 592, and *Schmidt v. Equitable Life Assur. Society of the United States,* 376 Ill. 183, our Supreme Court held that the terms of life insurance policies may survive and be effective with respect to the beneficiary after the death of the insured.  On the principle of these cases the prohibition against assignment of the policy or the

proceeds thereof survives the death of the insured. In the absence of statutory inhibition, a life insurance company has the right to insist that its industrial insurance policies shall have a provision against the assignment or pledge of the policy or of any of its benefits and making any such attempted assignment void. We do not know of any statutory inhibition against such a clause and no valid reason has been advanced that such a clause is against public policy. It will be observed that the nonassignability clause states that not only the assignment or pledge of the policy shall be void, but that the assignment or pledge of "any of its benefits" shall also be void. This clause apparently recognizes the distinction between the assignment of the policy and the assignment of a chose in action arising after the death of the insured. The language appears to us to be quite plain. By this language the parties agreed not only that the assignment of the policy should be void, but that the assignment of any claim for benefits arising under the policy after the death of the insured shall be void. In this case the language of the nonassignable clause is clear and there is no ambiguity that requires a strict or liberal construction. The policy of insurance was the contract entered into between the insured and defendant. They had a right to so contract and the provisions of the contract apply to the benefit thereof. The right to enter into contracts is not derived from the government, but exists independently of government and of the laws. No contract is to be regarded as unlawful unless some constitutional or statutory provision or principle of the common law inhibiting such contract be pointed out. A wrongful abrogation or disposition of a contract by either a legislature or court would be an unlawful invasion of a right protected by both the Federal and State constitutions. The United States Supreme Court in *A. C. Frost & Co. v. Coeur D'Alene Mines Corp.*, 312 U. S. 38, said that the principle that

contracts violating public policy are void "should be applied with caution and only in cases plainly within the reasons on which that doctrine rests," and that "if it definitely appears that enforcement of a contract will not be followed by injurious results, generally, at least what the parties have agreed to ought not to be struck down." The parties agreed that the assignment or pledge of the policy or any of its benefits shall be void. It must be assumed that the nonassignable clause had some value to the insured. It also had value to the defendant. In trusts, whether established by a will or by a declaration, it is common to incorporate a "spendthrift clause" forbidding the assignment by a beneficiary of any part of the share or interest of such beneficiary. Defendant asserts that it paid on industrial policies between 1939 and 1941 an average of $65,000,000 annually on an accrual average of 320,000 industrial policies issued on the lives of residents of Illinois, or an average of 1,500 policies paid each working day; that payments under these policies would be slowed up if the company had to determine whether or not the person qualified and elected to receive the benefits had made an assignment to the undertaker, doctor, nurse, hospital or other creditor; that in view of the number of district offices in the metropolitan area of Chicago there is no known method which would afford even reasonable certainty that assignments had not been made; that where partial assignments are executed the costs that would be incurred in determining their validity and in making distribution of parts of the fund to two or more persons would increase the costs of operation, resulting in increased costs of insurance, not contemplated when the premiums for the policy in question were determined; that in practice claims are presented to district offices and some to the home office; and that notice of assignments could be filed with the district offices after the checks had been mailed by the home office and the defendant

would not have protection if the nonassignable clause is held to be inoperative. We are of the opinion that the nonassignable clause should be given effect and find that the assignment executed by James Newman is void. As our findings on this point dispose of the case, we will not consider the second assignment of error urged by defendant. Because of these views, the judgment of the municipal court of Chicago is reversed and judgment is entered here against plaintiff for costs.

*Judgment reversed and judgment here.*

HEBEL, P. J. and KILEY, J., concur.