(No. 28145.—

Van V. Lain *et al.*, Appellants, *vs.* Metropolitan Life Insurance Company, Appellee.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

Fisher & Fisher, (Joseph Fisher, of counsel,) both of Chicago, for appellants.

Hoyne, O'Connor & Rubinkam, and Eckert & Peterson, (Nathaniel Rubinkam, Tom Leeming, Owen Rall, and Melvin L. Gibbard, of counsel,) all of Chicago, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Appellants, Van V. Lain and William Lain, doing business as Lain & Son, filed a statement of claim in the municipal court of Chicago against the Metropolitan Life Insurance Company, a corporation, appellee. Appellants were morticians, and claimed to be entitled to the sum of $434.77, the costs of funeral expenses of one Alice Newman, deceased. Alice Newman had a policy of insurance in the sum of $400 in appellee company, naming James Newman, the insured's son, as beneficiary. The policy was in force

at the time the insured died. After the death of Alice Newman, James Newman assigned the policy of insurance to appellants for the purpose of discharging his indebtedness for funeral expenses. The assignment was delivered to appellee, who refused to recognize it, and refused to pay the sum of $400. Suit was brought, and appellee answered, showing the policy had a value of $397.47. Under the pleadings, substantially every issue, including proof of death, was admitted, except the right of appellants to compel appellee to recognize and accept the assignment. On the trial before the court without a jury, there was a finding and judgment against appellee for the sum of $397.47, and on appeal to the Appellate Court for the First District, the judgment of the municipal court was reversed and judgment entered against plaintiffs in that court. The Appellate court granted a certificate of importance to this court, giving us jurisdiction.

The point for decision involves a clause in the policy prohibiting assignability of the policy, or any of its proceeds, reading as follows: "Non-assignability. Any assignment or pledge of this Policy or of any of its benefits shall be void;" and, incidentally, a clause designated "Facility of Payment," which provides that "If the Beneficiary does not surrender this Policy with due proof of death within 30 days after the death of the Insured, or if the Beneficiary is the estate of the Insured, or is not legally qualified to give a valid release, or dies before the Insured, the death benefit will, upon surrender of this Policy, with due proof of death, be paid to the executor or administrator of the Insured, but in any such case the Company may, in lieu of payment to the executor or administrator, pay the death benefit to any person named as Beneficiary, or to any relative by blood or connection by marriage of the Insured appearing to the Company to be equitably entitled to such payment." Appellants take the position that within the thirty-days' surrender period the policy was assigned to

them by the beneficiary, and that the right of the beneficiary having become fully established by death and proof of loss, appellee was without power to prohibit the assignment of such interest by the beneficiary.

The general rule, supported by a great wealth of authority, is that general stipulations in policies, prohibiting assignment thereof except with the insurer's consent, or upon giving some notice, or like conditions, have universally been held to apply only to assignments before loss, and, accordingly, not to prevent an assignment, after loss, of the claim or interest of the insured in the insurance money then due in respect to the loss. Thus in *Ginsburg* v. *Bull Dog Auto Fire Ins. Ass'n,* 328 Ill. 571, we held that a prohibition against assignment of the proceeds of an insurance policy was effective before loss, but was not effective after loss, saying: "After the contract has been fully executed and nothing remains to be done except to pay the money a different rule applies. The element of the personal character, credit and substance of the party with whom the contract is made is no longer material, because the contract has been completed and all that remains to be done is to pay the amount due. The claim becomes a chose in action, which is assignable and enforcible under section 18 of the Practice act." See note, 56 A. L .R. 1387 and authorities in accord.

The Appellate Court attempts to differentiate and distinguish this case in its application to the present issue, and holds that the "Facility of Payment" clause prevents the vesting of the proceeds in any individual. There might be some force to this position if the beneficiary had not made the assignment or surrender within the thirty-days' period, but, in this case, it is admitted that the assignment and proof of death was made within the thirty-days' period.

The exact point in this case was up for decision in *Standard Discount Co.* v. *Metropolitan Life Ins. Co.* 321 Ill. App. 220. In that case there was a death of the in-

sured, the assignment of the policy to a funeral home, and the same contention made that the assignee could not sue on the policy. In an admirable opinion, based upon *Ginsburg* v. *Bull Dog Auto Fire Ins. Co.* 328 Ill. 571, the assignment was upheld and the rule announced as pointed out earlier in this opinion. In view of the full citation of authority and analysis of cases claimed to support the contrary view, our approval of what is said in that case renders it unnecessary to again set out or review them in this opinion.

We further call attention to an additional instance in which the right of an assignee to collect, where conditions precedent are fully performed, is to be found in *People ex rel. Stone* v. *Nudelman,* 376 Ill. 535, where we held that a prohibition against assignment of a fund due to a taxpayer from the Finance Department was invalid and void as against public policy.

The facts in the present case show that, immediately after the death of the insured, proof of death was made, and an assignment made by the beneficiary to the funeral directors for the purpose of paying the expenses of the burial, which was presented to the insurance company and payment refused. We see nothing in the "Facility of Payment" clause that takes anything away from the beneficiary after loss has accrued. It provides an alternative in case the beneficiary does not surrender the policy with proof of death within thirty days, but during that period, the right of the beneficiary is that of a person holding a right under a contract fully executed. The case of *Mc-Daniels* v. *Western and Southern Life Ins. Co.* 332 Ill. 603, cited as upholding the "Facility of Payment" clause, does not militate against the right of assignment when it is absolute and has not been lost by inaction. In the *McDaniels case,* there was no absolute assignment, and, besides, the purported transfer was made subject to the right of the insurance company to exercise the options conferred in the "Facility of Payment" clause.

It would seem that the opinion of the Appellate Court is based, to a certain extent, upon the contention of the insurance company that it will slow up payments and increase the cost of operation of the company if this bar against assignment is not upheld. But these practical reasons do not revitalize a contract against public policy. The rule applicable was announced in the *Ginsburg case,* and was properly followed in *Standard Discount Co.* v. *Metropolitan Life Ins. Co.* 321 Ill. App. 220.

The Appellate Court for the First District was in error in reversing the judgment of the municipal court of Chicago. It is the order of this court that the judgment of the Appellate Court for the First District be, and the same is, hereby reversed, and the judgment of the municipal court of Chicago affirmed.

> *Appellate Court reversed;*
> *municipal court affirmed.*