Standard Discount Company, Inc., Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 43,052.

Heard in the third division of this court for the first district at the April term, 1944. Opinion filed March 21, 1945. Rehearing denied April 10, 1945. Released for publication April 10, 1945.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and MELVIN L. GIBBARD, both of Chicago, of counsel.

VICTOR H. BLOOM, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On January 14, 1924 the Metropolitan Life Insurance Company issued its industrial policy for $276 on the life of Adam Wawrzyniak, 46 years of age, the stipulated weekly premium being 30¢. In consideration of the weekly premium and subject to the "conditions below" and on page 2 of the policy, each made a part thereof, and "contracted by the Insured and every person entitled to claim hereunder to be a part hereof," the company agreed to pay "upon receipt of proofs of the death of the Insured made in the manner, to the extent and upon the blanks required herein, and upon surrender of this Policy and evidence of premium payment hereunder, the amount stipulated in said schedule, to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph." The amount stipulated in the schedule is $276. The "succeeding paragraph" reads:

"The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or

her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied.''

The policy also contains the following clause: ''Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no effect.''

On October 10, 1931 the insured executed the following written request:

''I hereby request the Metropolitan Life Insurance Company to pay the death benefit in accordance with the terms of the above mentioned policy to Stanislawa Wawrzyniak, address 5001 So. Loomis, Relationship, Daughter, Occupation, H. Work, Age, 16, subject, however, to the provision in the policy authorizing payment at the Company's option to my executor or administrator, or to any of my relatives by blood, or connections by marriage, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf for my burial.''

The company complied with the request and the policy was indorsed as follows: ''Subject to the provision of the policy authorizing payment at the Company's option to other persons, Stanislawa Wawrzyniak —daughter—has been designated beneficiary, to receive the death benefit only.'' Adam Wawrzyniak, the insured, died January 27, 1943. The beneficiary, Stanislawa Wawrzyniak, his daughter, who had reached her majority, made the funeral arrangements with a mortician named Henryk A. Parka. The Standard Discount Co., Inc., is in the business of making loans to morticians for funerals conducted by them. On January 28, 1943 Stella Wawrzyniak executed a document purporting to assign all her right, title and interest in the policy on the life of her father to Stand-

ard Discount Co., Inc. In the instrument she also appointed that corporation her attorney in fact to act for her in making collection of the amount of the policy. Parka also assigned to Standard Discount Co. Inc., his "interest" in the "assignment." On the same day Standard Discount Co., Inc., forwarded the assignment to the home office of the insurance company and requested payment of the amount of the policy. On February 4, 1943 the insurance company replied, declining to honor the assignment. On June 25, 1943 Standard Discount Co., Inc., filed a statement of claim in the municipal court of Chicago against the Metropolitan Life Insurance Company and alleged that pursuant to the policy, the proofs submitted and the assignment, it should have judgment for $276, together with any dividends payable under the policy, statutory attorney's fees and interest from January 28, 1943. Answering, defendant admitted that the policy was in force at the time of the insured's death; that it received proofs of death and a claim for the proceeds; denied that Stanislawa Wawrzyniak was the beneficiary or entitled to the proceeds; asserted that the policy designates the executor or administrator as the proper party plaintiff; asserted invalidity of the assignment because of the clause that any assignment or pledge of the policy or any of the benefits thereunder shall be void and of no effect; and denied that its refusal to pay was unreasonable or vexatious. A trial before the court without a jury resulted in a finding and judgment for plaintiff and against defendant in the sum of $302.78, to reverse which this appeal is prosecuted.

Defendant urges that the provision that any assignment or pledge of the policy or of any benefits thereunder shall be void and of no effect, renders the assignment void. Plaintiff maintains that a provision in a policy of insurance prohibiting assignment applies only to assignments before but not after death, and

that the interest of the beneficiary following death of assured is a vested one. In *Standard Discount Co., Inc. v. Metropolitan Life Ins. Co.*, 321 Ill. App. 220, the court said (224):

"We hold it to be the law of this State that upon the death of an insured under a life insurance policy the proceeds are vested in the beneficiary and that any provision in the contract that the beneficiary may not assign the same is invalid."

In the recent case of *Lain v. Metropolitan Life Ins. Co.*, 388 Ill. 576, our Supreme Court said (580):

"The rule applicable was announced in the *Ginsburg case*, [328 Ill. 571] and was properly followed in *Standard Discount Co. v. Metropolitan Life Ins. Co.*, 321 Ill. App. 220."

Defendant maintains that the provisions of the facility of payment clause are effective, even though some persons made an assignment of an alleged interest. Plaintiff replies that where insurer makes no payment under the provisions of a "facility of payment" clause, such clause is ineffective as against the claim of a named beneficiary. From the statement of facts in the case of *McDaniels v. Western & Southern Life Ins. Co.*, 332 Ill. 603, it appears that on July 6, 1925, defendant issued an industrial policy on the life of Dora McDaniels, Sr., for $165; that Dora McDaniels, Jr., a niece of insured, paid all premiums from the day the policy issued, to August 31, 1925, the day insured died; that on August 1, 1925 a rider was signed by defendant and attached to the policy wherein the insured authorized the company to pay the amount of insurance to Dora McDaniels, Jr., her niece; that it was agreed that the authorization was not to vary in any way, or alter the terms and conditions contained in the policy, especially the facility of payment clause; that the niece sued and recovered judgment for the amount of the policy; and that the judgment was affirmed by

the Appellate Court. In reversing the judgments of the circuit and Appellate Courts, our Supreme Court said (605):

"The defense of the insurance company is that the facility of payment clause gives an option to the insurer to pay the claim as in that clause provided, and that no one but the personal representative of the insured has a right to bring a suit against the company on a claim for the insurance; that therefore the defendant in error has no right to sue, and the judgment was erroneously entered by the circuit court and erroneously affirmed by the Appellate Court.

"In cases where the beneficiary of a policy is not named, or the policy is made payable to the estate of the insured or to his executor or administrator or to the insured, only such executor or administrator or personal representative of the insured is entitled to sue. (*United States Life Ins. Co. v. Ludwig,* 103 Ill. 305; *Massachusetts Mutual Life Ins. Co. v. Robinson,* 98 id. 324.) The facility of payment clause, as indicated by its language, gave an option to the insurer to make any payment or to grant any non-forfeiture provision to any relative by blood or connection by marriage of the insured, or to any person who has incurred an expense or obligation on behalf of the insured or for the burial of the insured. Such clause in an industrial policy, usually issued for a small amount, is authorized in order to protect the insurance company, with the consent of the insured, against trifling but expensive litigation which might constantly occur over disputes as to parties entitled to the amount of the insurance, and where the company has exercised that option such exercise will be a complete defense under the terms of the policy. *Bradley v. Prudential Ins. Co.,* 187 Mass. 226; *Thomas v. Prudential Ins. Co.,* 148 Pa. St. 594.

"In a policy of this character the facility of payment clause is for the benefit of the insurer, and in this

case, unless it has exercised such option in behalf of the defendant in error, the judgment herein cannot be sustained. The insured signed the rider attached to the policy, which authorized the company to pay the insurance under the policy to Dora McDaniels, Jr., the defendant in error, who was a niece of the insured. The mere authorization to pay to the defendant in error was not an assignment of the benefits of the policy to her, and unless the insurer can be said to have so acted concerning such authorization as to exercise its option under the facility of payment clause, the rider is not sufficient to create a liability on the part of the insurer to pay the proceeds of the policy to the defendant in error. This rider was furnished by the insurer and was procured from the company offices by the company's agent, who informed its superintendent as to what he proposed to do with it. It was executed before the agent on August 1 and was attached to the policy by him. The defendant in error thereafter, with this knowledge conveyed to the insurer, paid to the agent all premiums accruing on the policy up to the time of the death of the insured. The question in the case is whether the facts constitute the exercise of an option on behalf of the insurance company to pay the insurance, when matured, to the defendant in error. That it had a right under the facility of payment clause to make the defendant in error the beneficiary seems clear from the language of that clause authorizing the company to 'make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured.' The authorization, as a part thereof, provided that it should not vary or in any way alter the terms and conditions contained in the facility of payment clause. If it did not vary the terms of that clause then the option to pay anyone coming within the provisions of such clause, other than the defendant in error, still remains in the contract. The defendant in

error has no right to sue unless she is the beneficiary and entitled to the fund. The fact that she was by the rider included among those to whom the insurer might pay the fund does not give her that right in the absence of the exercise in her behalf of the option resting in the company.

". . . It is not argued that the company specifically exercised its option for her benefit. Unless the company has by some overt act exercised the option provided in the contract it is not incumbent on it to do so until the policy matures. We are of the opinion that there has been no such exercise of that option. While it may be that the defendant in error by payment of the premiums expected to receive the benefit of the insurance when it matured, yet such expectation arose not out of an overt act of the company but out of the execution of a rider to the policy which neither assigned the policy to her, made her a beneficiary nor deprived the insurer of the right to exercise the option contained in the contract, but, on the contrary, expressly recognized that right. It follows that the defendant in error does not have a right to sue but that such right rests in the personal representative of the insured. It was error, therefore, to refuse to instruct the jury to return a verdict for the defendant."

In the *Lain* case the Supreme Court pointed out that under the facility of payment clause of the policy there being considered, if the beneficiary did not surrender the policy with due proof of death within 30 days after the death of the insured, the company had the right to pay according to its option as therein stated, and that the evidence in that case established that immediately after the death of the insured (within 30 days) proof of death was made and such proof and an assignment made by the named beneficiary to the mortician were presented to the insurance company, which refused payment. In the *Lain* case the Supreme Court decided that under the facility of payment clause

in the policy there being considered that within 30 days the right of a beneficiary "is that of a person holding a right under a contract fully executed."

The parties have discussed the case of *Wickerath v. Western & Southern Life Ins. Co., Inc.*, 310 Ill. App. 266, reported in abstract form. We have read the briefs and abstracts and the complete opinion. It is interesting to note that the opinion of the court was delivered by Mr. Justice MATCHETT, who wrote the opinion in *Standard Discount Co., Inc. v. Metropolitan Life Ins. Co.*, 321 Ill. App. 220, approved by our Supreme Court in the *Lain* case. A reading of the *Wickerath* case discloses that the insurance company issued a policy to John A. Unhoch on July 19, 1937, for $500. There was a facility of payment clause similar to the one in the policy in the instant case. On the back of the policy appeared the following: "Name of person to whom payment of death benefit is requested subject to all the terms and conditions of the policy. Name: Elizabeth Unhoch. Relationship: Wife. Age: 38. 7/19/37. R. C. Massa, Secretary." The insured died September 8, 1939. He was a widower. Elizabeth Unhoch, mentioned in the policy as his wife, was living with him but was not his wife. Two children survived him. Elizabeth Wickerath sued to recover the amount of the policy. Anthony Unhoch, administrator of the estate of the insured, also claimed the amount of the insurance. The court found in favor of the administrator and against Elizabeth Wickerath and she appealed. In affirming the judgment the court said:

"The provisions of this policy are not in essence distinguishable from the *McDaniels* case. The facility of payment clause, here as there, gives to the insurance company an option to pay the proceeds of the policy to any person it may think equitably entitled thereto. We presume the law would require good faith, but this would seem to be the only limitation on the option. Was it the intention of the parties by the endorsement

of the name of plaintiff as one to whom payment is requested to revoke the option and compel payment to her to the exclusion of all others? If such was the intention the language used is inapt. The endorsement itself adds the words 'subject to all the terms and conditions of the policy.' One of these terms and conditions is the option vested in the insurance company. . . . The language of insurance contracts will in case of ambiguity be construed most strongly against the company. This, however, does not give to a court the right or power to make a contract for the parties which they have not made for themselves. If the insured desired and intended to have the proceeds of this policy paid to plaintiff and plaintiff only, he could have taken out a policy which would have accomplished that result.''

In the case at bar the written request of insured to the company dated October 10, 1931, to pay the death benefit in accordance with the terms of the policy, to his daughter, stated that it was subject to the provision in the policy authorizing payment at the company's option to his executor or administrator, or to any of his relatives by blood or connection by marriage, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of his burial. Defendant complied with the request by indorsing on the policy that subject to the provision authorizing payment at the company's option to other persons, the daughter was designated as beneficiary, to receive the death benefit only. It is clear from the language of the policy and the indorsements that the insurance company retained the right to exercise the option as to whom payment should be made. It will be observed that the facility of payment clause in the policy in the instant case does not give an absolute right to Stanislawa Wawrzyniak to payment if the policy is surrendered and proof of death made within 30 days, as

in the *Lain* case. Plaintiff states that "the law generally recognizes that the insurer must exercise its option within a reasonable time after death of the assured," but does not cite any authority in support of its contention. The assignment was made and the proof of death, demand for payment and assignment were sent to defendant the day after the death of the insured. The fact that defendant immediately rejected the claim of plaintiff was notice that it was not exercising its option in favor of plaintiff or its assignor. Plaintiff sued within a reasonable time thereafter. Defendant cannot be criticised for not paying the claim while the instant action was pending. Under the authority of the *McDaniels* case, the right to sue, where the insurance company does not exercise its option, is in the personal representative of the insured. The daughter of insured could not by the assignment, give to plaintiff as assignee, any greater right than she possessed. She could not, under the policy and the indorsements, compel the company to pay her. On failure of the company to exercise its option she could have procured the appointment of an administrator and an action could properly be prosecuted in his name.

Because of the views expressed, the judgment of the municipal court of Chicago is reversed and judgment is entered here for costs for defendant and against plaintiff.

*Judgment reversed and judgment here.*

Kiley and Lupe, JJ., concur.