Pauline Matejicska, Appellee, v. Metropolitan Life Insurance Company and Grace Matejcka, Defendants. Metropolitan Life Insurance Company, Counter-Plaintiff, v. Pauline Matejicska et al., Counter-Defendants. Grace Matejcka and The Trust Company of Chicago, Administrator de bonis non of Estate of John Matejcka, Deceased, Appellants.

Gen. No. 44,222.

Opinion filed June 23, 1948. Rehearing denied July 9, 1948. Released for publication July 12, 1948.

REUEL H. GRUNEWALD and HART E. BAKER, both of Chicago, for appellants; FRANCIS M. COOPER, of Chicago, of counsel.

OPLATKA, PAVEK & OPLATKA, of Berwyn, for appellee.

Mr. Justice Lewe delivered the opinion of the court.

By this appeal counter-defendants seek to reverse a judgment in the sum of $1,011.72 entered on a finding of the court in favor of plaintiff a named beneficiary in four insurance policies issued on the life of her son. The essential facts are substantially uncontroverted. The insurance policies here involved were issued by Metropolitan Life Insurance Company between February 8, 1937 and January 15, 1940, on the life of John Matejicska Jr., also known as John Matejcka, and payable to his mother Pauline Matejicska. On October 10, 1940, the insured married Grace Matejcka. On August 11, 1944, the insured died. On August 14, 1944, his widow, Grace Matejcka delivered the policies in question to the insurance company and demanded the proceeds thereof. The insurance company rejected the claim of the insured's widow. On December 3, 1945, The Trust Company of Chicago was appointed administrator *de bonis non* of the estate of John Matejcka, deceased. On May 16, 1946, plaintiff instituted the present suit against the insurance company and Grace Matejcka, claiming the proceeds of the policies on the ground that she was named as beneficiary.

The insurance company filed an answer and counter-complaint of interpleader. Issues were joined. Afterward the insurance company, pursuant to an order of court, deposited the proceeds of the policies in question with the clerk of the court.

Counter-defendants' principal contention is that since plaintiff failed to surrender the policies in controversy to the insurance company within thirty days after the death of the insured as provided by the Facility of Payment clauses she is barred from recovery.

Two of the policies contained "Facility of Payment" clauses reading as follows:

"If the Beneficiary does not surrender this Policy

with due proof of death within 30 days after the death of the insured, or if the Beneficiary is the estate of the Insured, or is a minor, or dies before the Insured, the death benefit will, upon the surrender of this Policy with due proof of death, be paid to the executor or administrator of the Insured, but in any such case, the Company may, in lieu of payment to the executor or administrator, pay the death benefit to any relative by blood or connection by marriage of the Insured, or to any person appearing to the Company to be equitably entitled to such payment because of having been named as Beneficiary or because of having incurred expense for the maintenance, medical attention or burial of the Insured";

which terms are identical to those of the other two policies, except for the concluding part thereof, which reads as follows:

" . . . but in any such case the company may in lieu of payment to the executor or administrator, pay the death benefit to any person named as Beneficiary, or to any relative by blood or connection by marriage of the Insured."

The evidence shows that the insured gave the policies to his wife at the time of their marriage; that she retained them in her possession until several days after the death of the insured when she delivered them to the insurance company and demanded payment thereof. After the company declined payment the policies were returned to her and she kept them in her possession continuously until they were surrendered by her to the insurance company in compliance with an order of court.

Plaintiff admits that she did not surrender the policies but says that she was prevented from doing so by the acts of Grace Matejcka. So far as the record shows plaintiff made no demand upon Grace Matejcka for the policies or otherwise attempted to gain posses-

sion of them, nor did she assert her alleged claim for the proceeds against the insurance company until long after the thirty days had elapsed.

Each policy provides that the insurer "promises to pay to the beneficiary, if living, upon receipt of due proof of the death of the insured named in the schedule on the fourth page, and upon surrender of this policy, the amount of the death benefit stated in such schedule, subject, however," to the provisions of the Facility of Payment clause. Under that clause inaction of the beneficiary makes the policy payable to the executor or administrator of the insured unless the insurer exercises its option.

Plaintiff maintains that the beneficiary has an absolute vested right in the fund for thirty days after the death of the insured during which time the insurer is precluded from exercising its option under the Facility of Payment clause, and thereafter, if the insurer fails to exercise its option, the named beneficiary may assert her claim. In support of her contention plaintiff relies on *Lain v. Metropolitan Life Ins. Co.*, 388 Ill. 576. At page 579 the court said: "We see nothing in the Facility of Payment clause that takes anything away from the beneficiary after loss has accrued. It provides an alternative in case the beneficiary does not surrender the policy with proof of death within thirty days, but during that period, the right of the beneficiary is that of a person holding a right under a contract fully executed."

The *Lain* case involved a policy containing a Facility of Payment clause similar to those in the instant case but presented a different question of law. In that case the question was whether a provision prohibiting assignment of the policy was effective after the loss. We find nothing in the foregoing excerpt to support plaintiff's contentions.

The language of the Facility of Payment clause in the policies here involved is plain, clear, and unambig-

uous. To make it susceptible of the construction placed upon it by the plaintiff would require rejection of that part of the language in the Facility of Payment clause which makes the policy payable to insured's administrator in the event the beneficiary does not surrender the policy with due proof of death within thirty days, and the insurer does not exercise its right to choose a beneficiary.

██ A policy of insurance is a contract and established rules of construction apply when an endeavor is made to discover the true intent and meaning of the parties as expressed in the language of the policy. (*Western & Southern Indemnity Co. v. Industrial Commission*, 366 Ill. 240.) Under the express terms of the policies plaintiff's right to recover is conditioned upon her surrender of the policies to the insurer within thirty days after the death of the insured. By reason of her inaction the proceeds became payable to the insured's administrator and her status was the same as that of any of the other persons to whom the insurer might have elected to make payment. While occupying that status she had a right to receive, but no right to compel payment to her. (*McDaniels v. Western & Southern Life Ins. Co.*, 332 Ill. 603.)

For the reasons assigned, the judgment is reversed and the cause is remanded with directions to enter judgment in favor of The Trust Company of Chicago, administrator *de bonis non* of the estate of John Matejcka.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and KILEY, J., concur.